UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
JEAN MINSKOFF GRANT,                                         :
                                                             :
                       Plaintiff,                            :
                                                             :
        v.                                                   :    Civil Action No. _____
                                                             :
MYCA, LLC and 2220 EQUITIES                                  :    JURY TRIAL DEMANDED
MANAGEMENT LIMITED PARTNERSHIP,                              :
                                                             :    08 CIV 0508
                       Defendants.                           :    BRIEANT
                                                             :
------------------------------------------------------------x

## COMPLAINT

Plaintiff, Jean Minskoff Grant ("Plaintiff"), by her attorneys, Willkie Farr & Gallagher LLP, hereby alleges against Defendants MYCA, LLC and 2220 Equities Management Limited Partnership (collectively "Defendants") as follows:

## THE PARTIES

1.      Plaintiff and Defendants are, collectively, all of the partners of Halstead-Harrison Associates, a general partnership organized and existing under the laws of the State of New York, with its principal place of business at 1350 Avenue of the Americas, New York, New York, 10019.

2.      Plaintiff Jean Minskoff Grant is a citizen of New York.

3.      Upon information and belief, Defendant MYCA, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Florida. Upon information and belief, the members of Defendant MYCA, LLC

are Sara Minskoff Allan and Carolyn Minskoff. Upon information and belief, Sara Minskoff Allan and Carolyn Minskoff are both citizens of Florida.

4. Upon information and belief, Defendant 2220 Equities Management Limited Partnership is a limited partnership organized and existing under the laws of the State of New York, with its principal place of business at 2200 E. Gossamer Lane, Boise, Idaho, 83706. Upon information and belief, the partners of Defendant 2220 Equities Management Limited Partnership are Alan Minskoff and Royanne Minskoff. Upon information and belief, Alan Minskoff and Royanne Minskoff are both citizens of Idaho.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 as there is complete diversity among the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper in this District under 28 U.S.C. § 1391(a), in that a substantial part of the events giving rise to the claims alleged herein occurred in this District and a substantial part of property that is the subject of this action is situated in this District.

## BACKGROUND ALLEGATIONS AS TO ALL CAUSES OF ACTION

7. Beginning in the 1950's, Henry Minskoff, Jerome Minskoff, and Myron Minskoff (collectively, the "Minskoff Brothers") formed a number of partnerships for the purpose of acquiring, owning, and leasing real estate in and around New York City. Many of the partnerships were formed with the Minskoff Brothers as the sole partners, and several of the partnerships had partners in addition to the Minskoff Brothers.

8. Among the partnerships that the Minskoff Brothers formed with one another was Halstead-Harrison Associates (the "Partnership"), which they formed in connection with ownership of the real property located at 270 to 278 Halstead Avenue, Harrison, New York, 10528 (the "Property").

9. The Partnership was not one for a definite term or a particular undertaking and, upon information and belief, there was no written agreement among the partners concerning the business and affairs of the Partnership.

10. Upon information and belief, in or about January 1975, the Partnership acquired the Property.

11. Thereafter, in or about 1984, Henry Minskoff died, and pursuant to section 62 of the New York Partnership Law, the Partnership was dissolved. However, the Partnership was not wound up after Henry Minskoff's death, and the survivors and successors-in-interest continued to operate the business of the Partnership, thereby creating a new partnership at will.

12. Thereafter, in or about 1994, Jerome Minskoff died, and pursuant to section 62 of the New York Partnership Law, the partnership then in existence was dissolved. However, that partnership was not wound up after Jerome Minskoff's death, and the survivors and successors-in-interest continued to operate the business of that partnership, thereby creating a new partnership at will.

13. On or about May 14, 1999, Myron Minskoff sued to dissolve Halstead-Harrison Associates in the Supreme Court of the State of New York, County of New York.

However, neither Myron Minskoff, nor The Estate of Myron Minskoff after Myron Minskoff's death, have taken action with regard to that claim since in or about March 2003.

14. In or about 2000, Myron Minskoff died, and pursuant to section 62 of the New York Partnership Law, the partnership then in existence was dissolved. However, that partnership was not wound up after Myron Minskoff's death, and the survivors and successors-in-interest continued to operate the business of that partnership, thereby creating a new partnership at will.

15. The interests of the partners in the current partnership at will (the "New Partnership") are as follows: Plaintiff Jean Minskoff Grant has a 33.333% interest; Defendant MYCA, LLC has a 33.333% interest; and Defendant 2220 Equities Management Limited Partnership has a 33.333% interest.

16. Plaintiff and Defendants, as partners, jointly hold a valuable ownership interest in the Property. They have a valuable business, and a number of accounts receivable which can be collected and are due and owing to the New Partnership. The assets of the New Partnership exceed its liabilities and are substantially in excess of $75,000.

## AS AND FOR A FIRST CAUSE OF ACTION

17. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

18. Before the deaths of the Minskoff Brothers, the Partnership, as well as the other partnerships in which the Minskoff Brothers jointly held interests, were run without any significant problems among the partners. However, after the deaths of the Minskoff Brothers,

4092151.6

the relationships between and among their successors-in-interest deteriorated. Such deterioration has affected all the entities in which the parties jointly hold interests.

19. That deterioration of the relationships between and among the partners (and their principals) has resulted in difficulties and disagreements concerning material aspects of the conduct of the New Partnership and the business of the New Partnership.

20. As a result of those difficulties, Plaintiff and Defendants have been unable to agree on numerous issues affecting the management, direction, and day-to-day operations of the New Partnership and the other partnerships in which Plaintiff and Defendants jointly hold interests, including, but not limited to: (i) the roles to be played by each partner in the management of the properties owned by the partnerships; (ii) whether and under what terms to lease space in certain partnership properties; (iii) the organizational structure of the partnerships; (iv) whether to refinance certain partnership loans; (v) whether to make capital investments and tenant improvements and otherwise; and (vi) how to allocate insurance obligations among the properties owned by the various partnerships.

21. Irreconcilable differences exist regarding those issues and others. As a consequence, the parties are unable to conduct business in an appropriate manner and are deadlocked on decisions of import to the New Partnership.

22. For years, efforts to resolve the problems that exist in the New Partnership, as well as in the numerous other partnerships in which Plaintiff and Defendants jointly hold interests, have consistently failed.

4092151.6

23. As a consequence, there is no hope that the parties will be able to resolve the problems plaguing the New Partnership.

24. As a result of the foregoing, it is not reasonably practicable for the New Partnership to function as originally intended or to carry on its business as a partnership.

25. Accordingly, the present circumstances render the dissolution of the New Partnership equitable, and the New Partnership should therefore be dissolved.

26. There is no adequate remedy at law for the relief sought herein.

## AS AND FOR A SECOND CAUSE OF ACTION

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein.

28. Non-party Minskoff Grant Realty & Management Corp. ("MGRMC") is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1350 Avenue of the Americas, New York, New York, 10019. MGRMC provides asset management and direct management for a diversified portfolio of urban and suburban office buildings and retail properties. Jean Minskoff Grant is the President and Chief Operating Officer of MGRMC, and Francis C. Grant III is the Chief Executive Officer of MGRMC.

29. For several years, Jean Minskoff Grant and Francis C. Grant III, through MGRMC, have efficiently, successfully, and profitably managed the Property of the New Partnership to the substantial benefit of all the partners.

30. Through MGRMC, Jean Minskoff Grant and Francis C. Grant III have collected rents, made repairs, distributed profits to the New Partnership, and performed numerous other responsibilities to ensure the successful management of the Property.

31. MGRMC has been intimately involved on a day-to-day basis with the management of the New Partnership and the Property.

32. Certain partners (the "Revoking Partners") have recently purported to enter into an agreement with a third party (the "Third Party Manager") for the management of the Property, and to revoke MGRMC's authority to act for the New Partnership.

33. The Revoking Partners have failed to provide Plaintiff with relevant information concerning the agreement with the Third Party Manager.

34. Upon information and belief, the Third Party Manager has not had any prior involvement with the New Partnership or the Property, and has not had any experience in managing the Property.

35. Plaintiff believes that changing management will cause irreparable damage to the New Partnership's interests in the Property.

36. Plaintiff also believes that changing management will result in a waste of New Partnership assets, as a significant amount of work would be required to transition the management of the Property to the Third Party Manager, and as the New Partnership would have to pay management fees to the Third Party Manager that are not currently being paid to MGRMC.

37. As a result of the foregoing, Plaintiff requests an Order allowing it or its agents to continue managing the Property until the dissolution and winding up of New Partnership affairs is completed.

38. There is no adequate remedy at law for the relief sought herein.

WHEREFORE, Plaintiff requests judgment against the Defendants as follows:

(a) on the first cause of action,

    (i) dissolving the New Partnership and ordering an accounting of all of the New Partnership's transactions and of all property and money received and paid by Plaintiff and Defendants respectively;

    (ii) declaring under section 68 of the New York Partnership Law that there be a winding up of the New Partnership;

    (iii) directing the appointment of a referee to oversee the winding up of the New Partnership affairs, the payment of the debts and liabilities of the New Partnership, and the division of the surplus assets between the partners according to their respective rights;

(b) on the second cause of action, enjoining Defendants and allowing Plaintiff or its agents to continue managing the Property until the dissolution and winding up of Partnership affairs is completed; and

(c) awarding Plaintiff the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

4092151.6

DATED:  New York, New York
        January 18, 2008

                                      Respectfully submitted,

                                      WILLKIE FARR & GALLAGHER LLP

                                      By: /s/ Thomas H. Golden
                                      Thomas H. Golden (TG-1467)
                                      (A Member of the Firm)

                                      787 Seventh Avenue
                                      New York, New York 10019-6099
                                      tgolden@willkie.com
                                      (212) 728-8000

                                      Attorneys for Plaintiff