**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEAN MINSKOFF GRANT, | : |
| Plaintiff, | :    No. 08 CV 508 (CLB) |
| | :    **FILED BY ECF** |
| -against- | : |
| | : |
| MYCA, LLC and 2220 EQUITIES MANAGEMENT LIMITED PARTNERSHIP, | : |
| | : |
| Defendants. | : |

| | |
|---|---|
| MLP I and QCR 77 LLC, | : |
| Plaintiffs, | :    No. 08 CV 511 (CLB) |
| | :    **FILED BY ECF** |
| -against- | : |
| | : |
| MYCA, LLC and 2220 EQUITIES MANAGEMENT LIMITED PARTNERSHIP, | : |
| | : |
| Defendants. | : |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**MOTION TO DISMISS PLAINTIFFS' SECOND CAUSE OF ACTION AND IN**
**OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY**
<u>**JUDGMENT AND AN ORDER APPOINTING A WINDING-UP PARTNER**</u>

WHITEMAN OSTERMAN & HANNA LLP
Counsel for Defendant 2220 Equities
Management Limited Partnership
One Commerce Plaza
Albany, New York 12260
(518) 487-7600

Philip H. Gitlen, Esq.
Christopher C. Buckey, Esq.
Williams S. Nolan, Esq.
        *Of Counsel*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT .................................................................................... 1

FACTUAL BACKGROUND ......................................................................................... 3

ARGUMENT .................................................................................................................. 7

POINT I  PLAINTIFFS' CROSS-MOTIONS FOR SUMMARY JUDGMENT SHOULD
BE DENIED ................................................................................................... 7

    A.  Plaintiffs' Motions are Premature; Issue Has Not Been Joined and No
Discovery Has Taken Place ................................................................ 7

    B.  Plaintiffs Have Not Established a Basis for a Judicial Decree of
Dissolution ......................................................................................... 8

    C.  The Alleged "At-Will" Status of Halstead-Harrison Associates is
Irrelevant ........................................................................................... 12

POINT II  PLAINTIFFS' SECOND CAUSE OF ACTION SHOULD BE DISMISSED
AND THEIR RELATED MOTION TO BE APPOINTED WINDING-UP
PARTNERS SHOULD BE DENIED ........................................................... 13

    A.  Plaintiffs Admit They Have No Claim for Injunctive Relief ......................... 14

    B.  Partnership Law § 75 Does Not Create an Independent Cause of Action ...... 14

    C.  Plaintiffs' Motions Are Premature Because No Decree of Dissolution
Has Been Rendered ........................................................................... 15

    D.  To the Extent Judicial Dissolution is Deemed Appropriate, Plaintiffs
Should Not Be Appointed "Winding-Up" Partners ......................... 15

CONCLUSION ............................................................................................................... 18

# TABLE OF AUTHORITIES

## Federal Cases

Berger v. United States, 87 F.3d 60 (2d Cir.1996) ........................................................ 7

Crystalline H2O, Inc. v. Orminski, 105 F.Supp.2d 3 (N.D.N.Y. 2000) .......................... 8

Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94 (2d Cir.2000)........................ 7

Natoli v. Carriage House Motor Inn, Inc., 1988 WL 53397 (N.D.N.Y. May 24, 1988) ..........11, 12

Sutera v. Schering Corp., 73 F.3d 13 (2d Cir.1995)........................................................ 7

Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506 (2d Cir.1989) ........................ 7

## State Cases

Aetna Casualty co. v. Capasso, 75 N.Y.2d 860, 552 N.Y.S.2d 918 (1990).................................. 17

Bishop v. Rubin, 228 A.D.2d 222, 643 N.Y.S.2d 108 (1st Dep't 1996) ........................................ 10

Boston Concessions Group, Inc. v. Criterion Ctr. Corp., 200 A.D.2d 543, 606 N.Y.S.2d 696
    (1st Dep't 1994)........................................................................................................................ 8

Carola v. Grogan, 102 A.D.2d 934, 477 N.Y.S.2d 525 (3d Dep't 1984) ...................................... 13

Couch v. Langan, 63 N.Y.2d 987, 473 N.E.2d 248 (1984) ............................................................ 9

Doe v. Axelrod, 73 N.Y.2d 748, 536 N.Y.S.2d 57 (1988)............................................................. 17

Drucker v. Mige Assoc. II, 225 A.D.2d 427, 639 N.Y.S.2d 365 (1st Dep't 1996) .......................... 8

Gerstein v. Teitelbaum, 273 A.D. 886, 77 N.Y.S.2d 502 (1st Dep't 1948)..................................... 12

Goergen v. Nebrich, 4 A.D.2d 526, 167 N.Y.S.2d 491 (4th Dep't 1957) ...................................... 15

Harshman v. Pantaleoni, 294 A.D.2d 687, 741 N.Y.S.2d 348 (3d Dep't 2002)..................... 10, 13

In re Fazio Realty Corp., 10 A.D.3d 363, 781 N.Y.S.2d 118 (2d Dep't 2004) ............................. 10

Jamie v. Jamie, 8 A.D.3d 88, 777 N.Y.S.2d 908 (1st Dep't 2004).................................................. 9

Jones v. Jones, 15 Misc.2d 960, 179 N.Y.S.2d 480 (Supreme Ct., Kings Cty. 1958)............. 10, 12

Josephthal v. Gold, 104 Misc. 137, 171 N.Y.S. 1041 (Sup. Ct., New York County 1918)............. 9

Melham v. Avrech, 146 A.D.2d 753, 537 N.Y.S.2d 236 (2d Dep't 1989) ................................... 13

Posner v. Posner, 280 A.D.2d 318, 720 N.Y.S.2d 465 (1st Dep't 2001)...................................... 12

Seligson v. Russo, 16 A.D.3d 253, 227 N.Y.S.2d 544 (1st Dep't 2005)................................ 10, 12

Skolny v. Richter, 139 A.D. 534, 124 N.Y.S. 152 (1st Dep't 1910) ........................................ 9, 12

## Federal Statutes

Fed.R.Civ.P. 12(b)(6) ............................................................................................................. 1

Fed.R.Civ.P. 56..................................................................................................................... 1

## State Statutes

BCL § 1104 (a) (3)............................................................................................................... 10

Partnership Law § 62(1)(b)................................................................................................... 13

Partnership Law § 63 ................................................................................... 1, 9, 10, 13, 17

Partnership Law § 63(1)............................................................................................ 8, 12, 13

Partnership Law § 63 (1) (d)................................................................................................11

Partnership Law § 63 (1) (f).................................................................................1, 9, 10, 11

Partnership Law § 64 ........................................................................................................... 15

Partnership Law § 75 ............................................................................................ 2, 14, 15, 17

Partnership Law Section 40(8)......................................................................................... 5, 10

## PRELIMINARY STATEMENT

Defendant 2220 Equities Management Limited Partnership ("2220 Equities") respectfully submits this reply memorandum of law in further support of the joint motion pursuant to Federal Rules of Civil Procedure 12(b)(6). and 56 for an order dismissing with prejudice Plaintiff Jeanne Minskoff Grant's (08-CV-508) and Plaintiffs MLP 1's and QCR 77 LLC's (08-CV-511) second cause of action for injunctive relief. This memorandum of law also is submitted in opposition to Plaintiffs' cross-motions for summary judgment dissolving the partnerships of Halstead-Harrison Associates and 77th Queens Associates (together, the "Partnerships") and for an order directing an evidentiary hearing with respect to the appointment of a "winding-up" partner for the Partnerships.

At the outset, Plaintiffs' motions for summary judgment are premature, as no defendant has answered and no discovery has taken place. Under these circumstances, Second Circuit case law requires denial of Plaintiffs' motions. To the extent the Court considers Plaintiffs' motions, however, they should be denied on the merits. Plaintiffs have not established any of the criteria required for a judicial decree of dissolution under Partnership Law § 63. Plaintiffs contend that the circumstances of these cases render dissolution equitable under Partnership Law § 63 (1) (f), but that contention is based *solely* on the existence of "sharp discord" between the majority and minority partners of the Partnerships. Plaintiffs have not alleged nor proven the existence of deadlock among the partners. Plaintiffs have not alleged nor proven permanent injury to the Partnerships. The existence of sharp discord between the majority and minority interests in a partnership, or between a partnership's majority interests and its managing agent, does not render dissolution equitable absent a showing of permanent injury to the partnership or circumstances

making it impracticable to carry on its business. Since Plaintiffs have not even attempted to meet this burden here, their motions for summary judgment dissolving the Partnerships should be denied.

For many of the same reasons, Plaintiffs' motions to appoint a winding-up partner for the Partnerships also should be denied. Without a judicial decree of dissolution, Plaintiff's' requests are premature. Even if the requests were ripe for review, appointing Jeanne Minskoff Grant (08-CV-508) and MLP 1 (08-CV-511) the winding-up partners for the Partnerships would be unreasonable. Both propose to use a non-partner, MGRMC, to manage the winding-up process, yet MGRMC was already removed from a management role by a majority vote of the partners. Because MGRMC refused to accept its removal as managing agent, it has been preliminarily enjoined from acting as managing agent for the Partnerships' properties and certain related properties by the New York County Supreme Court. Therefore, both aspects of Plaintiffs' cross-motion should be denied.

Defendants' motion to dismiss Plaintiffs' second cause of action should be fully granted. Plaintiffs unabashedly admit that they have not stated a claim for injunctive relief. While Plaintiffs now argue that the claim is brought pursuant to Partnership Law § 75, nothing in that statute provides a party with an independent cause of action. Therefore, Plaintiffs' second cause of action fails to state a claim and should be dismissed with prejudice.

## FACTUAL BACKGROUND

The background facts of this case, including those relevant to Defendants' motion to dismiss, are included in Defendants' Opening Brief and the argument points below and will not be fully repeated here. The following factual summary, however, is relevant to Plaintiffs' opposition and cross-motion.

In 2007, MYCA, LLC and 2220 Equities Management, the defendants in this case, convened duly-noticed partnership meetings in several partnerships where together they hold controlling majorities. These partnerships included Halstead-Harrison Associates and 77th Queens Associates, the partnerships which Plaintiffs seek to dissolve in these proceedings. At the partnership meetings, the partners decided by majority vote to terminate their relationship with Minskoff Grant Realty & Management Corp ("MGRMC"), which had exercised control over the management of the properties owned by the partnerships. (Minskoff Decl., ¶¶ 11-12, Ex. 1). The partners also decided pursuant to majority vote to hire Armstrong Realty Management ("Armstrong"), an independent, third-party managing agent. Armstrong's appointment as property manager became effective January 1, 2008. (Minskoff Decl., ¶¶ 11-12, Ex. 1).

The reason for MGRMC's termination is that its management of the properties was unsatisfactory. MGRMC, whose chief operating officer is Jean Minskoff Grant, did not consult the majority partners or provide them with notice before making decisions about the partnerships' properties, did not provide them with sufficient information about the properties' affairs, and was unresponsive to the majority partners' questions, concerns and interests. (Minskoff Decl., ¶ 9). For years MGRMC refused to provide the majority partners with executed

3

copies of its purported management agreements and refused to provide copies of leases and other important partnership records. (Allan Reply Decl., ¶¶ 7-14).

MGRMC's conflicted management and self-dealing and refusal to recognize the authority of the majority partners permeates its entire operations. MGRMC obliterates the line between the role of Jean Minskoff Grant and her allies as minority partners in the partnerships and the conflicting interests of the managing agent by treating budgets proposed by MGRMC as already approved by the partnerships and consistently refusing requests from the partners to modify items within the budgets. (Minskoff Reply Decl. ¶ 6).

Similarly, MGRMC controls the compensation it receives from the partnerships. In fact, MGRMC increased the management fees and leasing commissions paid to MGRMC without the approval of the partnerships. (Id.), ¶ 7). MGRMC also controls the management of the partnerships' cash accounts. (Id., ¶ 9).

MGRMC also prevents the partnerships from controlling operational costs for the properties. MGRMC employs 55 Church, LLC for on-site management of the properties owned by the partnerships and other properties owned by Grant, her husband and/or other family members. Upon information and belief, Grant owns 55 Church, LLC and neither 2220 Equities nor MYCA, or the respective principals, own an interest in 55 Church, LLC. MGRMC allocates the payroll costs of 55 Church, LLC among the partnerships' properties and the properties owned by Grant and her family. MGRMC has consistently refused to provide information as to the calculation for the allocation of the costs to the partnerships' properties and the other properties owned by Grant and her family. Thus, MGRMC has effectively denied the partnerships the ability to determine whether the overall cost allocations are arbitrary. Similarly, MGRMC has

refused to provide any supporting documentation to the partnerships relating to the actual hours worked or tasks performed by the employees of 55 Church, LLC. (Id., ¶ 8).

In connection with their termination of MGRMC's management contract, the partnerships directed MGRMC to turn over management of their properties no later than January 1, 2008. MGRMC, however, denied the authority of the majority partners to act on behalf of the partnerships, refused to turn over the partnerships' books, records, accounts, and other property, and continued to seek to exercise control over the partnerships' tenant relationships, and general management of the properties. (Allan Reply Decl., ¶ 17).

For that reason, several of the partnerships, including Halstead-Harrison Associates and 77th Queens Associates, commenced an action against MGRMC to enjoin it from attempting to control the partnerships' properties. By order dated March 21, 2008, the New York County Supreme Court enjoined MGRMC from taking any action on behalf of the partnerships or holding itself out as the agent of the partnerships, and directed MGRMC to turn over the partnerships' books, records, keys and other property to the partnerships. (Buckey Reply Decl. Ex. A at 9-10). The court confirmed that the majority partners had validly exercised their right, under New York Partnership Law Section 40(8), to determine ordinary matters connected with the partnership business, including the removal of the managing agent for the partnerships' properties. (Id. at 6.). MGRMC moved for a stay of the preliminary injunction during the pendency of its appeal, but that motion was denied by Order of the Appellate Division dated April 15, 2008. (Buckey Reply Decl., Ex. B).

MGRMC has continued to disregard the authority of the partnership and the termination of its agency. In fact, MGRMC recently commenced an eviction proceeding against a tenant in the property owned by 82nd-83rd Street Venture, a related partnership where Defendants have a

controlling majority interest, without the authorization of the partnership. At no point had the majority of the partnership interest in 82nd-83rd Street Venture authorized commencement of this proceeding. The majority interests in 82nd-83rd Street Venture object to prosecution of this proceeding. Compounding MGRMC's brazen disregard for the authority of the partners is MGRMC's refusal to inform the partners as to substantive matters involving the tenant. MGRMC never disclosed to the partnership it had previously made a lease proposal to the tenant on December 13, 2007 – the partnership received a copy of the proposal *from the tenant on April 8, 2008.* (Minskoff Reply Decl., ¶¶ 10-11).

The minority partners in the partnerships—MGRMC's principals and their allies—have now commenced three actions in this Court (including this one), along with two other actions pending in state court, to dissolve the partnerships. The minority partners seek a judicial decree of dissolution of each partnership. They also seek an order enjoining the majority from managing the partnerships and appointing MGRMC to manage the partnerships' properties, and making them solely responsible for winding-up the partnerships. Lastly, they seek an accounting of the partners' interests and a plan to liquidate and distribute the partnerships' assets.

In this particular case, Plaintiffs (having a minority interest in the Partnerships) resist the majority partners' authority to make decisions for the Partnerships, to terminate MGRMC's agency, or to retain an independent, third-party managing agent. Plaintiffs assert that the majority partners never actually elected to terminate MGRMC even though their principal participated in duly-noticed partnership meetings in November 2007 where the majority expressly made the determination to do so. (Plaintiffs Rule 56.1 Counter Statement, ¶ 23). Specifically, by majority vote, the partnership resolved to "hire Armstrong Realty Management effective January 1st of 2008" and "instruct Minskoff Grant to turn over to Armstrong all of the

partnership assets, records, monies, keys, all partnership documents in their possession by the end of the year December 31st, 2007." (Breede Aff., Ex. A at 11 (motion) and 15 (vote)).

## ARGUMENT

### POINT I

### PLAINTIFFS' CROSS-MOTIONS FOR SUMMARY JUDGMENT SHOULD BE DENIED

**A.    Plaintiffs' Motions are Premature; Issue Has Not Been Joined and No Discovery Has Taken Place.**

The Second Circuit has warned that only "in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir.2000).  Indeed,  the  Second Circuit has routinely denied motions for summary judgment as premature where the nonmoving party has not had an opportunity to conduct discovery.  See, e.g., Berger v. United States, 87 F.3d 60, 65 (2d Cir.1996) (quotations omitted); Sutera v. Schering Corp., 73 F.3d 13, 18 (2d Cir.1995). Denial of summary judgment under such circumstances is appropriate because the "nonmoving party should not be 'railroaded' into his offer of proof . . . The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir.1989)

(quotations and internal citations omitted).

Here, Plaintiffs have moved for summary judgment on both of their claims before Defendants have even answered, and before any discovery has taken place.  The primary "fact" upon which Plaintiffs rely is actually a loose characterization of the Partnerships' operations—

the "sharp discord regarding the way in which to conduct the Partnerships' affairs." (see Plaintiff's Local Rule 56.1 Statement, ¶ 3). Critically, Plaintiffs do not offer any evidence that discord among the partners has had an adverse impact on the Partnerships' affairs or that an actual deadlock among the partners exists. This failure is fatal to Plaintiffs' motions for summary judgment because, as demonstrated in Point I (B), judicial dissolution pursuant to Partnership Law § 63(1) is not warranted unless the acts complained of directly affect a partnership's operations. Moreover, having not joined issue in this action, Defendants have had no opportunity to conduct discovery and cannot be "railroaded" into their offer of proof at this early stage. Therefore, Plaintiffs' motions for summary judgment are premature and should be denied.

A grant of summary judgment in favor of Plaintiffs would be especially unfair because Defendants intend to assert related counterclaims and affirmative defenses based upon, among other things, Plaintiffs' breach of fiduciary duty and unclean hands. Because Plaintiffs' claims and defenses would be "inextricably interwoven with and inseparable from the issues raised in the [P]laintiff's [C]omplaint," granting summary judgment at this early procedural stage would be improper. Crystalline H2O, Inc. v. Orminski, 105 F.Supp.2d 3, 9 (N.D.N.Y. 2000) (denying plaintiff's motion for summary judgment because defendants had not yet had the opportunity to commence discovery with respect to either plaintiff's claims or their own counterclaims), quoting Boston Concessions Group, Inc. v. Criterion Ctr. Corp., 200 A.D.2d 543, 606 N.Y.S.2d 696, 697 (1st Dep't 1994).

**B.    Plaintiffs Have Not Established a Basis for a Judicial Decree of Dissolution.**

The judicial dissolution of a partnership, the remedy sought by Plaintiffs, is a drastic remedy. Drucker v. Mige Assoc. II, 225 A.D.2d 427, 429, 639 N.Y.S.2d 365 (1st Dep't 1996)

(noting that judicial dissolution is a "rarely invoked" remedy); <u>Skolny v. Richter</u>, 139 A.D. 534, 536-37, 124 N.Y.S. 152 (1st Dep't 1910) ("A dissolution is the most far-reaching and radical remedy between partners, and a court of equity will not force partners into a dissolution if justice can be done without resorting to this extreme step"); <u>Josephthal v. Gold</u>, 104 Misc. 137, 171 N.Y.S. 1041 (Sup. Ct., New York County 1918) (refusing to authorize the "drastic remedy" of dissolution where, despite atmosphere of "suspicion, mistrust, ill-feeling, [and] estrangement" the business continued to operate profitably). Generally, "dissolution will not be decreed except for gross misconduct, lack of good faith or some cause which is productive of serious and *permanent injury to the partnership* concerned or renders it *impracticable to carry on the business.*" <u>Skolny</u> 39 A.D. at 536-37 (emphasis added); <u>cited with approval</u>, <u>Jamie v. Jamie</u>, 8 A.D.3d 88, 777 N.Y.S.2d 908 (1st Dep't 2004) (denying motion for summary judgment seeking judicial dissolution).

The specific grounds for judicial dissolution are set forth in N.Y. Partnership Law § 63. A judicial decree of dissolution is inappropriate unless at least one ground set forth under Partnership Law § 63 is sustained by actual proof. <u>Couch v. Langan</u>, 63 N.Y.2d 987, 473 N.E.2d 248 (1984) (reversing order dissolving partnership that was rendered after a trial, as proof presented sustained none of the grounds alleged in complaint for dissolution); <u>Jamie</u>, 8 A.D.3d at 88, 777 N.Y.S.2d at 908 (motion for summary judgment dissolving partnership was properly denied where plaintiffs met none of the statutory prerequisites for judicial dissolution). The only statutory ground raised by Plaintiffs here is Partnership Law § 63 (1) (f), which allows dissolution when "circumstances render a dissolution equitable." Plaintiffs argue that the circumstances of these cases render a pre-joinder order of judicial dissolution equitable, based

*solely* on the existence of "sharp discord" between the majority and minority interests in the Partnerships.

Plaintiffs' argument should be rejected. Partnership Law § 63 and its various subdivisions are intended to permit a judicial decree of dissolution only "if the acts complained of directly [affect] the management of the partnership." Jones v. Jones, 15 Misc.2d 960, 962, 179 N.Y.S.2d 480, 483 (Supreme Ct., Kings Cty. 1958); see also In re Fazio Realty Corp., 10 A.D.3d 363, 781 N.Y.S.2d 118 (2d Dep't 2004) (analogously, in context of corporate proceeding under BCL § 1104 (a) (3), internal dissension and the existence of multiple factions in ownership were insufficient to warrant dissolution; deadlock was necessary before such relief could be granted). The cases cited by Plaintiffs support this construction of the statute. In Seligson v. Russo, 16 A.D.3d 253, 227 N.Y.S.2d 544 (1st Dep't 2005), for example, judicial dissolution was warranted because there was a 50-50 deadlock between the parties, resulting in the partnership's inability to make decisions. Likewise, in Harshman v. Pantaleoni, 294 A.D.2d 687, 741 N.Y.S.2d 348 (3d Dep't 2002), dissolution under Partnership Law § 63(1)(f) was appropriate due to a deadlock among the partners resulting in the partnership's inability to sell its property.

Despite what the parties characterize as "sharp discord" among the partners here, there has not been a direct effect on the actual management of the Partnerships, let alone a "deadlock" preventing the Partnerships from conducting business. Plaintiffs have a minority interest in the Partnerships. Defendants are united in interest, represent a majority of the Partnerships, and can govern the Partnerships accordingly. Partnership Law § 40 (8) ("Any difference arising as to ordinary matters connected with the Partnership business may be decided by a majority of the partners") see also Bishop v. Rubin, 228 A.D.2d 222, 224, 643 N.Y.S.2d 108 (1st Dep't 1996) ("The majority of the Partnership had every right  . . .to remove the managing agent").

Therefore, a judicial decree of dissolution would be inappropriate, as there has been no impact on the management of the Partnerships caused by Plaintiffs' complaints.

In fact, the Northern District of New York refused to dissolve a family partnership *after a full trial* despite circumstances similar to, but much more contentious than, those alleged by Plaintiffs in these cases.    See Natoli v. Carriage House Motor Inn, Inc., 1988 WL 53397 (N.D.N.Y. May 24, 1988).  Natoli involved a familial dispute between two siblings, the plaintiff and defendant.  The siblings had inherited substantial real property from their parents.  The siblings owned a corporation and a partnership by which, among other things, they managed the properties.  The defendant, Capone, actively managed both entities.  The plaintiff, Natoli, sought judicial dissolution of the partnership under Partnership Law §§ 63 (1) (d) and (f), claiming that Capone willfully and persistently breached their partnership agreement and created circumstances that rendered dissolution equitable.  Natoli also sought dissolution of the corporation on similar grounds, including Capone's alleged mismanagement of corporate assets.

After a full trial, the court found that while overseeing both the corporation and the partnership, Capone "treated [the] businesses as his sole property," (Id. at *3), used their assets to benefit himself and his three other business, and "blurred his concept of the lines of ownership for the businesses" despite their corporate and partnership forms.  Id.  He also transferred funds from the siblings' partnership to his other businesses without Natoli's consent, and without repaying any interest.  Id. at *10-11.  Nevertheless, the court concluded that the evidence did not establish "willful or persistent breaches of the partnership agreement" or "render a dissolution equitable."  Id. at *11.   The court also rejected the "drastic" remedy of dissolution of the corporation, noting that the corporation was healthy and dissolution "would be inequitable."  Id. at *10.

Dissolution also would be inequitable in these proceedings. The facts here are hardly as compelling as those in <u>Natoli</u>, where dissolution was denied after a full trial. There are no allegations or evidence of mismanagement on the part of Defendants, no allegations or evidence of self-dealing or the wrongful commingling of assets, and no allegations or evidence of voter-deadlock. <u>Contrast</u> <u>Seligson v. Russo</u>, 16 A.D.3d 253, 227 N.Y.S2d 544 (1st Dep't 2005) (evidence of 50-50 deadlock preventing decision making warranted dissolution). The only evidence before the Court is the parties' characterization of a "sharp discord" between the majority and minority partnership interests. The mere existence of sharp discord between minority and majority partnership interests is not a basis for a judicial decree of dissolution, as it does not establish "serious and permanent injury to the partnership" or show that it is "impracticable to carry on the business." <u>Skolny</u>, 139 A.D. at 536-37. Accordingly, Plaintiffs' motions for summary judgment should be denied.

**C.    The Alleged "At-Will" Status of Halstead-Harrison Associates is Irrelevant.**

Plaintiffs also suggest that judicial dissolution of Halstead-Harrison Associates under Partnership Law § 63 (1) is appropriate because it is a partnership at will. (<u>See</u> Plaintiffs' Mem., p 12). Whether Halstead-Harrison Associates is a partnership at will is irrelevant to Plaintiffs' claims in the Halstead-Harrison action (08-CV-508), however, because Plaintiffs are not claiming that the partnership already has been voluntarily dissolved. Rather, Plaintiffs have sued for a *judicial decree* of dissolution, and the commencement of such an action does not constitute an election to voluntarily dissolve the partnership. <u>See</u>, <u>e.g.</u>, <u>Posner v. Posner</u>, 280 A.D.2d 318, 319, 720 N.Y.S.2d 465, 466 (1st Dep't 2001); <u>Gerstein v. Teitelbaum</u>, 273 A.D. 886, 77 N.Y.S.2d 502 (1st Dep't 1948); <u>Jones v. Jones</u>, 15 Misc.2d 960, 961, 179 N.Y.S.2d 480, 483 (Sup. Ct., Kings County 1958).

Judicial dissolution, the relief sought here, is warranted only if Plaintiffs establish one of the specific grounds for dissolution set forth in Partnership Law § 63. <u>Melham v. Avrech</u>, 146 A.D.2d 753, 754, 537 N.Y.S.2d 236 (2d Dep't 1989) (dismissing claim for dissolution where the plaintiff failed to establish at trial any of the grounds for dissolution under Partnership Law § 63 and there was no dispute as to the prior termination of the partnership). As demonstrated above, Plaintiffs have not established any of the grounds for dissolution under Partnership Law § 63. While judicial dissolution is sometimes warranted where there is a factual dispute as to whether a partnership actually exists, whether the partnership is at will, or the particular date of a prior dissolution (<u>Carola v. Grogan</u>, 102 A.D.2d 934, 477 N.Y.S.2d 525 (3d Dep't 1984) (refusing to order dissolution of a partnership)), Plaintiffs have neither alleged nor proven that there is any such dispute in this case.[1]

## POINT II

### PLAINTIFFS' SECOND CAUSE OF ACTION SHOULD BE DISMISSED AND THEIR RELATED MOTION TO BE APPOINTED WINDING-UP PARTNERS SHOULD BE DENIED

Through their second cause of action, Plaintiffs ask that Jeanne Minskoff Grant (08-CV-508) and MLP 1 (08-CV-511) be appointed "winding-up" partners of the respective Partnerships so they can manage the affairs of the Partnerships until they have been completely terminated. As related relief, Plaintiffs seek to enjoin Defendants from managing the property in the interim. Defendants have moved to dismiss this claim because it fails to state a cause of action. In

---

[1] Plaintiffs' claims in this litigation are fatally inconsistent. On the one hand, Plaintiffs contend that Halstead-Harrison is a partnership at will that may be dissolved upon the act of any partner. Plaintiff's Mem., p. 12; Partnership Law § 62(1)(b); <u>Harshman</u>, 294 A.D.2d at 687, 741 N.Y.S.2d at 349; <u>see also Carola</u>, 102 A.D.2d at 935, 477 N.Y.S.2d at 526 (finding that partnership at will was dissolved upon the withdrawal of a partner). On the other hand, Plaintiffs claim that this Court should order dissolution pursuant to Partnership Law § 63(1) based on a purported deadlock among the partners. To the extent Plaintiffs are unwilling to dissolve the Partnerships by voluntarily withdrawing from them, Plaintiffs should not be allowed to use this Court to order the dissolution, particularly since Plaintiffs have failed to allege, much less prove, any of the grounds for judicial dissolution under Partnership Law § 63(1). It is clear Plaintiffs only commenced this action because they are unhappy that MRGMC's management agreement has been terminated.

response to that motion, Plaintiffs have cross-moved to, among other things, be appointed winding-up partner in each Partnership.    For the reasons discussed below, not only should Plaintiffs' request to be appointed winding-up partner be denied, its entire second cause of action should be dismissed.

### A.    Plaintiffs Admit They Have No Claim for Injunctive Relief.

Defendants, in their initial moving papers, established that Plaintiffs' second cause of action does not state a claim for injunctive relief because, among other things, it does not sufficiently allege the elements of irreparable injury, or wrongful conduct by Defendants. Plaintiffs neither dispute this ground for dismissal nor argue that they have properly alleged the elements of injunctive relief.  It is thus undisputed that Plaintiffs have failed to state a cause of action for injunctive relief, and that an order enjoining Defendants from managing the property would be inappropriate.    Inasmuch as an order enjoining Defendants (the majority partners) from managing the property would be inappropriate, it logically follows that an order allowing Plaintiffs (the minority partners) or their allies to manage the Partnerships' affairs also would be improper.  Therefore, Plaintiffs' second cause of action should be dismissed with prejudice and their request to be appointed winding-up partners should be denied.

### B.    Partnership Law § 75 Does Not Create an Independent Cause of Action.

Although Plaintiffs admit that their second cause of action does not seek injunctive relief, they now contend that the claim seeks relief under Partnership Law § 75.   This new argument cannot resuscitate Plaintiffs' second cause of action.  Nothing in Partnership Law § 75 provides a party with a private right of action.  The statute merely permits the Court, in its discretion, "to authorize the partnership business to be continued, during the pendency of the action by one or more of the partners, upon their executing and filing with the clerk an undertaking . . ."   In other

words, the statute allows a court to appoint one or more partners to continue a partnership's business, but it does not create an independent cause of action. While an application for an order under Partnership Law § 75 can be made in a prayer for relief or by motion, it is simply not an independent cause of action. Therefore, Plaintiffs' second cause of action should be dismissed for failure to state a claim.

**C.     Plaintiffs' Motions Are Premature Because No Decree of Dissolution Has Been Rendered.**

While it is within the Court's discretion to appoint a winding-up partner upon cause shown, a decree of judicial dissolution is a logical and statutory prerequisite to any such appointment. There can be no question that the winding-up of a partnership's affairs can only occur *after* a decree of dissolution is entered. See, e.g., Goergen v. Nebrich, 4 A.D.2d 526, 528, 167 N.Y.S.2d 491, 492 (4th Dep't 1957) ("judgment of dissolution of the partnership pursuant to Section 63 of the Partnership Law was properly granted. It *remained*, therefore, the function of the court to . . .supervise the winding-up of the partnership pursuant to Partnership Law Section 75") (emphasis added); see also, Partnership Law § 64 (dissolution terminates the authority of partners, except as is necessary to wind-up partnership affairs).     Because no judicial decree of dissolution has been entered in this case, and no grounds for such a decree are in the record before the Court (see Point I (B)), any order appointing a "winding-up" partner would be premature. Therefore, Plaintiffs' motion to be appointed "winding-up" partners should be denied.

**D.     To the Extent Judicial Dissolution is Deemed Appropriate, Plaintiffs Should Not Be Appointed "Winding-Up" Partners.**

To the extent the Court concludes that a judicial decree of dissolution is appropriate, Plaintiffs' application to be appointed "winding-up" partners should be denied. Plaintiffs do not

propose to manage the winding-up process themselves. Plaintiffs would use a non-partner, MGRMC, to manage the winding-up process, and have submitted the affidavit of Jean Minskoff Grant, the principal of MGRMC.

Plaintiffs are attempting to reinstate MGRMC as the managing agent of the Partnerships even though MGRMC was already removed from that role by a majority vote of the Partnerships, and for good reason. MGRMC did not consult the majority partners or provide them with notice before making decisions about the Partnerships' properties, did not provide them with sufficient information about the properties' affairs, and was unresponsive to the majority partners' questions, concerns and interests. (Minskoff Decl., ¶ 9). For years MGRMC refused to provide the majority partners with executed copies of its purported management agreements and refused to provide copies of leases and other important partnership records. (Allan Reply Decl., ¶¶ 7-14). MGRMC also has: (i) dominated and controlled the budgeting process for the partnerships; (ii) unilaterally increased the compensation paid to MGRMC; (iii) refused to document the allocation of the operational costs to the partnerships and other properties owned by Grant and her family; and (iv) refused to allow the partners to participate in the management of the partnerships' cash accounts. (Minskoff Reply Decl., ¶ 5).

In connection with their termination of MGRMC's management contract, the Partnerships directed MGRMC to turn over management of their properties no later than January 1, 2008. MGRMC, however, denied the authority of the majority partners to act on behalf of the partnerships, refused to turn over the partnerships' books, records, accounts and other property, and continued to seek to exercise control over the Partnerships' tenant relationships and general management of the properties. This forced the Partnerships to commence an action against MGRMC to enjoin its continued unauthorized and unlawful attempt to control the partnerships'

properties. On March 21, 2008, the Supreme Court of New York, New York County, issued an order enjoining MGRMC from taking any action on behalf of the Partnerships or holding itself out as the agent of the Partnerships, and directing MGRMC to turn over the partnerships' books, records, keys and other property to the partnerships. (Buckey Reply Decl. Ex. A at 9-10). Under New York law, preliminary injunctive relief was dependent upon a showing that MGRMC's continued management would result in irreparable harm. See, e.g., Aetna Casualty co. v. Capasso, 75 N.Y.2d 860, 552 N.Y.S.2d 918 (1990); Doe v. Axelrod, 73 N.Y.2d 748, 536 N.Y.S.2d 57 (1988).

An example of this harm is the recent eviction proceeding commenced by MGRMC against a tenant in the property owned by 82nd-83rd Street Venture, a related partnership, without any authorization of that partnership. The majority interests in 82nd-83rd Street Venture object to prosecution of this proceeding. (Minskoff Reply Decl., ¶¶ 6-7). Compounding this problem, MGRMC apparently made a lease proposal to the tenant on December 13, 2007. MGRMC never disclosed to the partners that it had made this proposal – the partners received a copy of the proposal from the tenant on April 8, 2008. There is no dispute that this eviction proceeding was not approved by 82nd-83rd Street's majority partners. (Minskoff Reply Decl., ¶ 11).

To avoid any further risk of similar misconduct by MGRMC as against the Partnerships, it is respectfully submitted that the Court should deny Plaintiffs' requests to be appointed winding-up partners under Partnership Law § 75, even if a decree of judicial dissolution is deemed appropriate.

## CONCLUSION

For the foregoing reasons, Defendant 2220 Equities Management Limited Partnership respectfully requests that the Court enter an Order (1) dismissing Plaintiffs' Second Claim for injunctive relief with prejudice; (2) denying Plaintiffs' cross motions for (a) summary judgment on their first cause of action for a judicial decree of dissolution and (b) an order appointing Plaintiffs as "winding-up partners;" and (4) granting such other and further relief as the Court deems just and proper.

Dated: Albany, New York
      April 17, 2008

                   WHITEMAN OSTERMAN & HANNA LLP

By: _____
                  Philip H. Gitlen, Esq. (PG 9603)
                  Christopher C. Buckey, Esq. (CB 0187)
                  Williams S. Nolan, Esq. (WN 8091)
                  Counsel for Defendant 2220 Equities
                        Management Limited Partnership
                  One Commerce Plaza
                  Albany, NY 12260
                  (518) 487-7600

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| JEAN MINSKOFF GRANT, | : | |
| | : | |
| Plaintiff, | : | No. 08 CV 508 (CLB) |
| | : | **FILED BY ECF** |
| -against- | : | |
| | : | |
| MYCA, LLC and 2220 EQUITIES MANAGEMENT LIMITED PARTNERSHIP, | : | |
| | : | |
| Defendants. | : | |

---

| | | |
|---|---|---|
| MLP I and QCR 77 LLC, | : | |
| | : | |
| Plaintiffs, | : | No. 08 CV 511 (CLB) |
| | : | **FILED BY ECF** |
| -against- | : | |
| | : | |
| MYCA, LLC and 2220 EQUITIES MANAGEMENT LIMITED PARTNERSHIP, | : | |
| | : | |
| Defendants. | : | |

---

**REPLY DECLARATION OF ALAN MINSKOFF**
**IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS THE**
**COMPLAINT AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION**

ALAN MINSKOFF , being duly sworn, deposes and says:

1.      I am a general partner of 2220 Equities Management Limited Partnership, a New York limited partnership.  2220 Equities is a partner in and owns a one-third partnership interest in Halstead-Harrison Associates and is a partner in and owns a one-quarter interest in 77th Queens Associates.  Halstead-Harrison Associates and 77th Queens Associates are the two New York general partnerships that are the subject of the above-captioned litigation (the

"Partnerships"). The statements in this declaration are based on my own personal knowledge. I am over the age of majority and competent to testify to the matters described herein.

2.     Halstead-Harrison Associates owns and operates real property located at 270 to 278 Halstead Avenue in Harrison, New York. 77th Queens Associates owns and operates a long term lease of commercial property located at 116-02 to 116-32 Queens Boulevard in Queens, New York.

3.     MYCA, LLC ("MYCA") also is a partner in the Partnerships. MYCA owns a one-third partnership interest in both Halstead-Harrison Associates and 77th Queens Associates. Thus, 2220 Equities and MYCA together control a majority interest in the Partnerships – 66.67% in Halstead-Harrison Associates and 58.33% in 77th Queens Associates.

4.     As set forth in Royanne Minskoff's February 28, 2008 Declaration, on November 30, 2007, a majority of the partnership interests in five family partnerships where 2220 Equities, MYCA or their respective principals hold a majority of the partnership interests, including Halstead-Harrison Associates and 77th Queens Associates, decided to hire Armstrong Realty Management ("Armstrong") to manage the properties owned by the partnerships effective January 1, 2008. Armstrong is an independent, third-party managing agent.

5.     The partnerships elected to replace Minskoff Grant Realty & Management Corporation ("MGRMC"), which is operated by my sister, Jean Minskoff Grant and her husband (who are also partners in family real estate partnerships, either directly or through entities they control), due to MGRMC's conflicted property management and self-dealing and its refusal to recognize the authority of the majority partners to act on behalf of the partnerships. Examples of the conflicted management and refusal to recognize the authority of the majority partnerships, include, but are not limited to: (A) MGRMC's control of the budgeting process for the

C:\Documents and Settings\aminskoff\Local Settings\Temporary Internet Files\OLK19F\Reply Declar Alan (Grant-MLPI-QCR 77) 041708.doc

2

partnerships; (B) MGRMC's unilateral action in increasing its compensation and allocating the costs of its management business to the partnerships: and (C) MGRMC's control of the partnerships' cash accounts.

6.    MGRMC has regularly adopted annual budgets for the partnerships before the budgets actually are reviewed by the partners. MGRMC obliterates the line between the role of Jean Minskoff Grant and her allies as minority partners in the partnerships and the conflicting interests of the managing agent by treating budgets proposed by MGRMC as already approved by the partnerships and consistently refusing requests from the partners to modify items within the budgets.

7.    MGRMC also has ignored the partnerships' authority by increasing its compensation for management of the properties. On several occasions, MGRMC increased the management fees and leasing commissions paid to MGRMC without the approval of the partnerships.

8.    MGRMC also prevents the partnerships from controlling operational costs for the properties. MGRMC employs 55 Church, LLC for on-site management of the properties owned by the partnerships and other properties owned by Jean Minskoff Grant, her husband and/or other family members. Upon information and belief, Grant owns 55 Church, LLC and neither 2220 Equities nor MYCA, or the respective principals, own an interest in 55 Church, LLC. MGRMC allocates the payroll costs of 55 Church, LLC among the partnerships' properties and the properties owned by Grant and her family. MGRMC has consistently refused to provide information as to the calculation for the allocation of the costs to the partnerships' properties and the other properties owned by Grant and her family. Thus, MGRMC has effectively denied the partnerships the ability to determine whether the overall cost allocations are arbitrary. Similarly,

MGRMC has refused to provide any supporting documentation to the partnerships relating to the actual hours worked or tasks performed by the employees of 55 Church, LLC.

9. MGRMC's control of the partnerships extends to the partnerships' cash accounts. MGRMC has insisted on managing the investment of the partnerships' accounts and charges the partnerships fees for such management. MGRMC has denied the partners the opportunity to decide when or where the partnerships' accounts are opened and the manner in which the accounts are managed.

10. MGRMC has continued to disregard the authority of the partnerships and the termination of its agency. In fact, MGRMC recently commenced an eviction proceeding against a tenant in the property owned by 82nd-83rd Street Venture, one of the family partnerships, without the authorization of that partnership. At no point had the majority of the partnership interests in 82nd-83rd Street Venture authorized commencement of this proceeding; in fact, the majority interests object to prosecution of this proceeding. Copies of the Notice of Petition and Petition relative to this eviction proceeding are attached to this Reply Declaration as **Exhibit "1"**.

11. Compounding this brazen disregard for the authority of the majority of the partners is MGRMC's refusal to inform the partners as to substantive matters, including matters relating to this tenant. For example,, MGRMC previously made a lease proposal to the tenant on December 13, 2007. MGRMC never disclosed to the partners that it had made this proposal – the partners received a copy of the proposal *from the tenant on April 8, 2008*. A copy of the lease proposal is attached to this Reply Declaration as **Exhibit "2"**.

12. Based upon MGRMC's refusal to acknowledge, much less respect, the authority of the majority of the partnership interests in the five partnerships, including Halstead-Harrison

Associates and 77th Queens Associates, and MGRMC's long history of conflicted management of the partnership's property and blatant self-dealing, the Partnerships would suffer a manifest injustice if the Court appointed MGRMC as a receiver of the Partnerships.

13.     I declare under penalty of perjury that the foregoing is true and correct.


Executed:     April 17, 2008
              Boise, Idaho



                                        _Alan Minskoff_
                                        ALAN MINSKOFF

C:\Documents and Settings\aminskoff\Local Settings\Temporary Internet Files\OLK19F\Reply Declar Alan (Grant MLPI-QCR 77) 041708.doc

5

# EXHIBIT "1"



CITY COURT OF THE CITY OF WHITE PLAINS
COUNTY OF WESTCHESTER: STATE OF NEW YORK
-------------------------------------------------------------X

COURT-MARTINE ASSOCIATES,

                Petitioner-Landlord,

    -against-

CHERYL WASSERMAN
173 Martine Avenue
street level & basement underneath
White Plains, New York 10601, in the building
known as 167-183 Martine Avenue and 39-55
Court Street, White Plains, New York 10601,

               Respondent-Tenant,

    -and-

"JOHN DOE" and "JANE DOE",

         Respondents/Undertenants

the names of the undertenants being fictitious
and unknown to Petitioner, the persons intended
being in possession of the Premises hereinabove
described.
-------------------------------------------------------------X

**NOTICE OF PETITION**
(HOLDOVER)

Index No. SP 9/6/08

      To the Respondents above-named and described, in possession of the Premises

hereinafter described or claiming possession thereof:

      **PLEASE TAKE NOTICE**, that a hearing at which you must appear will be held at

the White Plains City Court, located at 77 South Lexington Avenue, White Plains, New

York 10601, on the **10th day of April, 2008**, at 9:30 A.M., on the annexed Verified

Petition of Court-Martine Associates ("Landlord" or "Petitioner"), verified on the 2nd day

of April, 2008, which prays for, inter alia, a Final Judgment of Possession and Warrant

of Eviction, awarding to Petitioner the possession of the Premises designated and

described as follows: street level commercial premises and basement space

underneath in the premises known as 173 Martine Avenue, White Plains, New York

10601 (the "Premises"), in the building known as 167-183 Martine Avenue and 39-55 Court Street, White Plains, New York 10601, as depicted in the lease plan annexed to the Verified Petition annexed hereto and incorporated herein, and further granting to the Petitioner such other and further relief as is demanded in the Verified Petition annexed hereto.

PLEASE TAKE NOTICE, that demand is made in the Petition for a monetary judgment against Tenant Cheryl Wasserman for use and occupancy fees owed to Petitioner for the holdover period of April 1, 2008 through and including the date Petitioner obtains possession of the Premises, together with costs, expenses and legal fees.

PLEASE TAKE NOTICE, that your answer may set forth any defense you may have against the Petitioner.

PLEASE TAKE NOTICE, that if you fail at such time to interpose and establish any defense that you may have to the allegations of the Petition, you may be precluded from asserting such defense or the claim on which it is based in any other proceeding or action.

PLEASE TAKE NOTICE, that your answer may be made at the time of the hearing specified above unless this Notice of Petition is served upon you on or before the 2nd day of April, 2008, in which event you must answer at least three (3) days before the Petition is noticed to be heard, either orally before the Clerk of the Court at his or her office or in writing by serving a copy thereof upon the attorney for the Petitioner as set forth below, and by filing the original of such written answer with proof of service thereof in the Office of the Clerk at least three (3) days before the time of the Petition is



Petition is noticed to be heard; in addition thereto you must appear before the Court at

the time and place hereinabove set forth for the hearing.

    **PLEASE TAKE NOTICE**, that your failure to appear and answer may result in

final judgment by default for the Petitioner for all of the relief demanded in the Petition

Dated.  White Plains, New York
      April 2, 2008

           CUDDY & FEDER LLP
           Attorneys for Petitioner
           445 Hamilton Avenue-14th Floor
           White Plains, New York 10601
           (914) 761-1300

           By_____
               Joshua E. Kimerling

TO:   Cheryl Wasserman
      173 Martine Avenue
      White Plains, New York  10601

CKF 898267 1



CITY COURT OF THE CITY OF WHITE PLAINS
COUNTY OF WESTCHESTER:  STATE OF NEW YORK
-------------------------------------------------------------------------X
COURT-MARTINE ASSOCIATES,

                        Petitioner-Landlord,

       -against-

CHERYL WASSERMAN
173 Martine Avenue
street level & basement underneath
White Plains, New York  10601, in the building
known as 167-183 Martine Avenue and 39-55
Court Street, White Plains, New York 10601,

                       Respondent-Tenant,

       -and-

"JOHN DOE" and "JANE DOE",

                 Respondents/Undertenants.

the names of the undertenants being fictitious
and unknown to Petitioner, the persons intended
being in possession of the Premises hereinabove
described
-------------------------------------------------------------------------X

**VERIFIED PETITION**
(HOLDOVER)

Index No.

### TO THE CITY COURT OF THE CITY OF WHITE PLAINS:

     Petitioner, Court-Martine Associates ("Petitioner" or "Landlord"), by its attorneys,

Cuddy & Feder LLP, as and for its Verified Petition herein, against Respondent-Tenant

Cheryl Wasserman ("Tenant" or "Respondent"), respectfully alleges as follows:

          1.    Petitioner is a New York partnership having offices at c/o Minskoff

Grant Realty & Management Corp., 1350 Avenue of the Americas, 32nd Floor, New

York, New York 10019.

          2.    Petitioner is the landlord and owner in fee of the Premises, which

consist of certain street level store space (and basement thereunder) located at and

known as 173 Martine Avenue, White Plains, County of Westchester, New York 10601

(the "Premises"), as depicted in the lease plan annexed hereto and made a part hereof as Exhibit "A", and as located in the building known as 167-183 Martine Avenue and 39-55 Court Street, White Plains, County of Westchester and State of New York 10601.

    3.    Petitioner is authorized to institute and maintain this proceeding.

    4.    Tenant is an unlawful holdover occupant of the Premises.

    5.    Upon information and belief, "John Does" and "Jane Does" are fictitious and unknown undertenants or occupants who may claim a right of possession of the Premises.

    6.    On or about the 11th day of March, 1998, Petitioner, as Landlord and Respondent, as Tenant, entered into a written lease agreement (the "Lease") for the Premises. A copy of the Lease is annexed hereto and made a part hereof as Exhibit "B".

    7    The Lease, by its express terms, terminated and expired on March 31, 2008 (the "Expiration Date").

    8.    Paragraph 21 of the Lease provided as follows:

"21. End of Term

"Upon the expiration or other termination of the term of this lease, Tenant shall quit and surrender to Owner the demised premises, broom clean, in good order and condition, ordinary wear excepted, and Tenant shall remove all its property  Tenant's obligation to observe or perform this covenant shall survive the expiration or other termination of this lease. If the last term of the term of this lease or  any renewal thereof, falls on Sunday, this lease shall expire at noon on the preceding Saturday unless it be a legal holiday in which case it shall expire at noon on the preceding business day."

    9.    Based on the above, the term of the Lease expired, ended and terminated by its unambiguous terms on March 31, 2008.



10.    Tenant now unlawfully holds over after the Expiration Date of the Lease and continues in possession of the Premises without the permission of the Petitioner.

11.    The Premises herein sought to be recovered by Landlord are commercial premises and are situated within the territorial jurisdiction of this Court

12.    The Premises are not the residence of Respondent.

13.    The Premises are not subject to the Emergency Tenant Protection Act and are not a multiple dwelling

14.    The Premises are not subject to rent stabilization.

15.    Based on the above, Petitioner respectfully requests Judgment against Respondent awarding Landlord possession of the Premises, a Warrant to remove Respondent and all other occupants from possession of the Premises, plus an award of use and occupancy fees for the Premises for the holdover period of April 1, 2008 through and including the date Landlord obtains possession of the Premises, together with attorney's fees, costs and disbursements of this proceeding, and such other and further relief as to the Court may seem just and proper

16.    No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, Petitioner respectfully requests Judgment against Respondent awarding Landlord possession of the Premises, a Warrant to remove Respondent and all other occupants from possession of the Premises, plus an award of use and occupancy fees for the Premises for the holdover period of April 1, 2008 through and including the date Landlord obtains possession of the Premises, together with attorney's

3

CAF 858262 1



fees, costs and disbursements of this proceeding, and such other and further relief as to

the Court may seem just and proper.

Dated.        White Plains, New York
              April 2, 2008

                                   **CUDDY & FEDER LLP**
                                   Attorneys for Petitioner-Landlord
                                   445 Hamilton Avenue-14th Floor
                                   White Plains, New York 10601
                                   (914) 761-1300

                                   By: _____
                                          Joshua E. Kimerling

4                                                        C&F 898262 1

## VERIFICATION

STATE OF NEW YORK        )
                                              ) ss.:
COUNTY OF NEW YORK    )

_Francis C. Grant_ being duly sworn, deposes and says:

_VP Co of Montgolt Capital Realty a management Sub the Managing_

I am the _Pres_ of Petitioner in the within proceeding. I have read the annexed Petition, know the contents thereof and the same are true to my knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true based on the books and records of Petitioner

_____
Francis C. Grant III

Sworn to before me this 2nd
day of April, 2008

_____
Notary Public

ELIZABETH J. COTTRILL
Notary Public - State of New York
No. 01CO6181901
Qualified in New York County
My Commission Expires February 11, 20 12

# EXHIBIT "2"

## Memorandum

# MINSKOFF GRANT

## REALTY & MANAGEMENT CORP.

### PHONE: 212-765-9700

### FAX: 212-664-9007

Date: December 13, 2007

To: Mrs Wasserman

From: Elizabeth Cottrill

Subject: Lease renewal

- Please review the enclosed proposal for renewal & sign. If you have any questions please feel free to contact me

Thank you,

Elizabeth

1350 AVENUE OF THE AMERICAS 32ND FLOOR
NEW YORK NY 10019
EMAIL: INFO@MINSKOFFGRANT.COM



# MINSKOFF GRANT
## REALTY & MANAGEMENT CORP.

### Proposed Lease Renewal

*SPACE INFORMATION:*

**Owner:**  
82ND - 83RD STREET VENTURE  
COURT & MARTINE ASSOCIATES (11)  
c/o Minskoff Grant Realty & Management Corp.  
1350 Avenue of the Americas, 32nd Floor  
New York, NY 10019  
Phone: 212-765-9700  
Fax: 212-664-9007

**Property:**  
167-183 Martine Avenue  
39-55 Court Street  
White Plains, NY

**Space:**  
173 Martine Avenue

**S.F.:**  
Approximately 812 square feet on street level and existing basement underneath

**Use:**  
As per Article 2, Agreement of Lease dated March 11, 1998.

**Prepared By:**  
T. Grant            tgrant@minskoffgrant.com  
Elizabeth Cottriil   ecottrill@minskoffgrant.com

---

*TENANT INFORMATION:*

**Tenant:**  
Freshi's Stationary & Fruit Farm, Inc.  
Attn: Cheryl Wasserman  
173 Martine Avenue  
White Plains, NY 10601

**Federal ID # or**  
**Social Security #:**        13-3930464

**Telephone Numbers:**  
914-779-4808 (Home)  
914-448-2363 (Store)

three (3) times in ... due ...
during ...

| | |
|---|---|
| **Electric:** | Tenant |
| **Gas:** | Tenant |

### *OTHER TERMS:*

**Security Deposit:**      $4,500 (on deposit)

**Owner's Work:**      None - as is.

**Tenant's Work:**      Tenant is responsible for all Permits and Certificate of Occupancy compliance for Tenant's work as well as any permits or licenses regarding Tenant's use.

**Signage:**      With Owner's permission subject to code and uniform signage, not unreasonably withheld.

**Insurance:**      $2MM Liability

**Sale of Business:**      Notwithstanding any provision in the existing lease, tenant shall not have the right to sell its business or otherwise assign the lease or sublet the premises during the first five (5) years of the renewal term. After that assignment and subletting is permitted with landlord's permission, not unreasonably withheld.

**Holdover Clause:**      If Tenant shall fail to vacate and surrender the premises upon expiration or earlier termination of this Lease, it shall be deemed a holdover Tenant on a month-to-month basis at a fixed monthly rent equal to three (3) times the monthly rate of all fixed rent, escalation rent and additional rent payable for the last month of the term hereof.

**Relocation:**      Owner reserves the right at any time to relocate the (1) Premises to another location within the "Property," or (2) other common areas in or about the Property, at Owner's expense.

**Demolition Clause:**      Terms to be provided.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————

JEAN MINSKOFF GRANT,                                 :

                      Plaintiff,          :     No. 08 CV 508 (CLB)
                                  :     **FILED BY ECF**

        -against-                                       :

MYCA, LLC and 2220 EQUITIES MANAGEMENT     :
LIMITED PARTNERSHIP,                                 :

                    Defendants.        :

——————————————————

MLP I and QCR 77 LLC,                                 :

                     Plaintiffs,         :     No. 08 CV 511 (CLB)
        -against-                                       :     **FILED BY ECF**

MYCA, LLC and 2220 EQUITIES MANAGEMENT     :
LIMITED PARTNERSHIP,                                 :

                    Defendants.        :

——————————————————

## REPLY DECLARATION OF ALAN MINSKOFF
### IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS THE
### COMPLAINT AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION

ALAN MINSKOFF , being duly sworn, deposes and says:

    1.      I am a general partner of 2220 Equities Management Limited Partnership, a New

York limited partnership. 2220 Equities is a partner in and owns a one-third partnership interest

in Halstead-Harrison Associates and is a partner in and owns a one-quarter interest in 77th

Queens Associates. Halstead-Harrison Associates and 77th Queens Associates are the two New

York general partnerships that are the subject of the above-captioned litigation (the

"Partnerships"). The statements in this declaration are based on my own personal knowledge. I am over the age of majority and competent to testify to the matters described herein.

2.      Halstead-Harrison Associates owns and operates real property located at 270 to 278 Halstead Avenue in Harrison, New York. 77th Queens Associates owns and operates a long term lease of commercial property located at 116-02 to 116-32 Queens Boulevard in Queens, New York.

3.      MYCA, LLC ("MYCA") also is a partner in the Partnerships. MYCA owns a one-third partnership interest in both Halstead-Harrison Associates and 77th Queens Associates. Thus, 2220 Equities and MYCA together control a majority interest in the Partnerships – 66.67% in Halstead-Harrison Associates and 58.33% in 77th Queens Associates.

4.      As set forth in Royanne Minskoff's February 28, 2008 Declaration, on November 30, 2007, a majority of the partnership interests in five family partnerships where 2220 Equities, MYCA or their respective principals hold a majority of the partnership interests, including Halstead-Harrison Associates and 77th Queens Associates, decided to hire Armstrong Realty Management ("Armstrong") to manage the properties owned by the partnerships effective January 1, 2008. Armstrong is an independent, third-party managing agent.

5.      The partnerships elected to replace Minskoff Grant Realty & Management Corporation ("MGRMC"), which is operated by my sister, Jean Minskoff Grant and her husband (who are also partners in family real estate partnerships, either directly or through entities they control), due to MGRMC's conflicted property management and self-dealing and its refusal to recognize the authority of the majority partners to act on behalf of the partnerships. Examples of the conflicted management and refusal to recognize the authority of the majority partnerships, include, but are not limited to: (A) MGRMC's control of the budgeting process for the

partnerships; (B) MGRMC's unilateral action in increasing its compensation and allocating the costs of its management business to the partnerships: and (C) MGRMC's control of the partnerships' cash accounts.

6.    MGRMC has regularly adopted annual budgets for the partnerships before the budgets actually are reviewed by the partners. MGRMC obliterates the line between the role of Jean Minskoff Grant and her allies as minority partners in the partnerships and the conflicting interests of the managing agent by treating budgets proposed by MGRMC as already approved by the partnerships and consistently refusing requests from the partners to modify items within the budgets.

7.    MGRMC also has ignored the partnerships' authority by increasing its compensation for management of the properties. On several occasions, MGRMC increased the management fees and leasing commissions paid to MGRMC without the approval of the partnerships.

8.    MGRMC also prevents the partnerships from controlling operational costs for the properties. MGRMC employs 55 Church, LLC for on-site management of the properties owned by the partnerships and other properties owned by Jean Minskoff Grant, her husband and/or other family members. Upon information and belief, Grant owns 55 Church, LLC and neither 2220 Equities nor MYCA, or the respective principals, own an interest in 55 Church, LLC. MGRMC allocates the payroll costs of 55 Church, LLC among the partnerships' properties and the properties owned by Grant and her family. MGRMC has consistently refused to provide information as to the calculation for the allocation of the costs to the partnerships' properties and the other properties owned by Grant and her family. Thus, MGRMC has effectively denied the partnerships the ability to determine whether the overall cost allocations are arbitrary. Similarly,

C:\Documents and Settings\aminskoff\Local Settings\Temporary Internet Files\OLK19F\Reply Declar Alan (Grant-MLPI-QCR 77) 041708.doc

3

MGRMC has refused to provide any supporting documentation to the partnerships relating to the actual hours worked or tasks performed by the employees of 55 Church, LLC.

9.    MGRMC's control of the partnerships extends to the partnerships' cash accounts. MGRMC has insisted on managing the investment of the partnerships' accounts and charges the partnerships fees for such management.  MGRMC has denied the partners the opportunity to decide when or where the partnerships' accounts are opened and the manner in which the accounts are managed.

10.    MGRMC has continued to disregard the authority of the partnerships and the termination of its agency.  In fact, MGRMC recently commenced an eviction proceeding against a tenant in the property owned by 82nd-83rd Street Venture, one of the family partnerships, without the authorization of that partnership.  At no point had the majority of the partnership interests in 82nd-83rd Street Venture authorized commencement of this proceeding; in fact, the majority interests object to prosecution of this proceeding.  Copies of the Notice of Petition and Petition relative to this eviction proceeding are attached to this Reply Declaration as **Exhibit "1"**.

11.    Compounding this brazen disregard for the authority of the majority of the partners is MGRMC's refusal to inform the partners as to substantive matters, including matters relating to this tenant.  For example,, MGRMC previously made a lease proposal to the tenant on December 13, 2007.  MGRMC never disclosed to the partners that it had made this proposal – the partners received a copy of the proposal *from the tenant on April 8, 2008*.  A copy of the lease proposal is attached to this Reply Declaration as **Exhibit "2"**.

12.    Based upon MGRMC's refusal to acknowledge, much less respect, the authority of the majority of the partnership interests in the five partnerships, including Halstead-Harrison

C:\Documents and Settings\aminskoff\Local Settings\Temporary Internet Files\OLK19F\Reply Declar Alan (Grant-MLPI-QCR 77) 041708.doc

4

Associates and 77th Queens Associates, and MGRMC's long history of conflicted management of the partnership's property and blatant self-dealing, the Partnerships would suffer a manifest injustice if the Court appointed MGRMC as a receiver of the Partnerships.

13.     I declare under penalty of perjury that the foregoing is true and correct.

Executed:     April 17, 2008
              Boise, Idaho

_Alan Minskoff_
ALAN MINSKOFF

C:\Documents and Settings\aminskoff\Local Settings\Temporary Internet Files\OLK19F\Reply Declar Alan (Grant-MLPI-QCR 77) 041708.doc

5

# EXHIBIT "1"



CITY COURT OF THE CITY OF WHITE PLAINS
COUNTY OF WESTCHESTER: STATE OF NEW YORK
-------------------------------------------------------------------X

COURT-MARTINE ASSOCIATES,

                Petitioner-Landlord,

    -against-

CHERYL WASSERMAN
173 Martine Avenue
street level & basement underneath
White Plains, New York 10601, in the building
known as 167-183 Martine Avenue and 39-55
Court Street, White Plains, New York 10601,

              Respondent-Tenant,

    -and-

"JOHN DOE" and "JANE DOE",

          Respondents/Undertenants

the names of the undertenants being fictitious
and unknown to Petitioner, the persons intended
being in possession of the Premises hereinabove
described.
-------------------------------------------------------------------X

**NOTICE OF PETITION**
(HOLDOVER)

Index No. SP 9/6/08

       To the Respondents above-named and described, in possession of the Premises

hereinafter described or claiming possession thereof:

       **PLEASE TAKE NOTICE**, that a hearing at which you must appear will be held at

the White Plains City Court, located at 77 South Lexington Avenue, White Plains, New

York 10601, on the **10th day of April, 2008**, at 9:30 A.M., on the annexed Verified

Petition of Court-Martine Associates ("Landlord" or "Petitioner"), verified on the 2nd day

of April, 2008, which prays for, inter alia, a Final Judgment of Possession and Warrant

of Eviction, awarding to Petitioner the possession of the Premises designated and

described as follows: street level commercial premises and basement space

underneath in the premises known as 173 Martine Avenue, White Plains, New York



10601 (the "Premises"), in the building known as 167-183 Martine Avenue and 39-55

Court Street, White Plains, New York 10601, as depicted in the lease plan annexed to

the Verified Petition annexed hereto and incorporated herein, and further granting to the

Petitioner such other and further relief as is demanded in the Verified Petition annexed

hereto.

    **PLEASE TAKE NOTICE**, that demand is made in the Petition for a monetary

judgment against Tenant Cheryl Wasserman for use and occupancy fees owed to

Petitioner for the holdover period of April 1, 2008 through and including the date

Petitioner obtains possession of the Premises, together with costs, expenses and legal

fees.

    **PLEASE TAKE NOTICE**, that your answer may set forth any defense you may

have against the Petitioner.

    **PLEASE TAKE NOTICE**, that if you fail at such time to interpose and establish

any defense that you may have to the allegations of the Petition, you may be precluded

from asserting such defense or the claim on which it is based in any other proceeding or

action.

    **PLEASE TAKE NOTICE**, that your answer may be made at the time of the

hearing specified above unless this Notice of Petition is served upon you on or before

the 2nd day of April, 2008, in which event you must answer at least three (3) days before

the Petition is noticed to be heard, either orally before the Clerk of the Court at his or

her office or in writing by serving a copy thereof upon the attorney for the Petitioner as

set forth below, and by filing the original of such written answer with proof of service

thereof in the Office of the Clerk at least three (3) days before the time of the Petition is



Petition is noticed to be heard; in addition thereto you must appear before the Court at

the time and place hereinabove set forth for the hearing.

**PLEASE TAKE NOTICE**, that your failure to appear and answer may result in

final judgment by default for the Petitioner for all of the relief demanded in the Petition

Dated.  White Plains, New York
        April 2, 2008

> CUDDY & FEDER LLP
> Attorneys for Petitioner
> 445 Hamilton Avenue-14th Floor
> White Plains, New York 10601
> (914) 761-1300
>
> By_____
>        Joshua E. Kimerling

TO:     Cheryl Wasserman
        173 Martine Avenue
        White Plains, New York  10601

CXF 898267 1



CITY COURT OF THE CITY OF WHITE PLAINS
COUNTY OF WESTCHESTER: STATE OF NEW YORK
------------------------------------------------------------------X
COURT-MARTINE ASSOCIATES,

                    Petitioner-Landlord,

      -against-

CHERYL WASSERMAN
173 Martine Avenue
street level & basement underneath
White Plains, New York 10601, in the building
known as 167-183 Martine Avenue and 39-55
Court Street, White Plains, New York 10601,

                  Respondent-Tenant,

      -and-

"JOHN DOE" and "JANE DOE",

            Respondents/Undertenants.

the names of the undertenants being fictitious
and unknown to Petitioner, the persons intended
being in possession of the Premises hereinabove
described
------------------------------------------------------------------X

**VERIFIED PETITION**
(HOLDOVER)

Index No.

### TO THE CITY COURT OF THE CITY OF WHITE PLAINS:

    Petitioner, Court-Martine Associates ("Petitioner" or "Landlord"), by its attorneys,

Cuddy & Feder LLP, as and for its Verified Petition herein, against Respondent-Tenant

Cheryl Wasserman ("Tenant" or "Respondent"), respectfully alleges as follows:

        1.    Petitioner is a New York partnership having offices at c/o Minskoff

Grant Realty & Management Corp., 1350 Avenue of the Americas, 32nd Floor, New

York, New York 10019.

        2.    Petitioner is the landlord and owner in fee of the Premises, which

consist of certain street level store space (and basement thereunder) located at and

known as 173 Martine Avenue, White Plains, County of Westchester, New York 10601

(the "Premises"), as depicted in the lease plan annexed hereto and made a part hereof

as Exhibit "A", and as located in the building known as 167-183 Martine Avenue and 39-

55 Court Street, White Plains, County of Westchester and State of New York 10601.

      3.    Petitioner is authorized to institute and maintain this proceeding.

      4.    Tenant is an unlawful holdover occupant of the Premises.

      5.    Upon information and belief, "John Does" and "Jane Does" are

fictitious and unknown undertenants or occupants who may claim a right of possession

of the Premises.

      6.    On or about the 11th day of March, 1998, Petitioner, as Landlord

and Respondent, as Tenant, entered into a written lease agreement (the "Lease") for

the Premises. A copy of the Lease is annexed hereto and made a part hereof as Exhibit

"B".

      7    The Lease, by its express terms, terminated and expired on March

31, 2008 (the "Expiration Date").

      8.    Paragraph 21 of the Lease provided as follows:

"21. End of Term

"Upon the expiration or other termination of the term of this lease,
Tenant shall quit and surrender to Owner the demised premises,
broom clean, in good order and condition, ordinary wear excepted,
and Tenant shall remove all its property. Tenant's obligation to
observe or perform this covenant shall survive the expiration or
other termination of this lease. If the last term of the term of this
lease or any renewal thereof, falls on Sunday, this lease shall
expire at noon on the preceding Saturday unless it be a legal
holiday in which case it shall expire at noon on the preceding
business day."

      9.    Based on the above, the term of the Lease expired, ended and

terminated by its unambiguous terms on March 31, 2008.

                                                                         GAF 9982E2.1



10.    Tenant now unlawfully holds over after the Expiration Date of the Lease and continues in possession of the Premises without the permission of the Petitioner.

11.    The Premises herein sought to be recovered by Landlord are commercial premises and are situated within the territorial jurisdiction of this Court

12.    The Premises are not the residence of Respondent.

13.    The Premises are not subject to the Emergency Tenant Protection Act and are not a multiple dwelling

14.    The Premises are not subject to rent stabilization.

15.    Based on the above, Petitioner respectfully requests Judgment against Respondent awarding Landlord possession of the Premises, a Warrant to remove Respondent and all other occupants from possession of the Premises, plus an award of use and occupancy fees for the Premises for the holdover period of April 1, 2008 through and including the date Landlord obtains possession of the Premises, together with attorney's fees, costs and disbursements of this proceeding, and such other and further relief as to the Court may seem just and proper

16.    No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, Petitioner respectfully requests Judgment against Respondent awarding Landlord possession of the Premises, a Warrant to remove Respondent and all other occupants from possession of the Premises, plus an award of use and occupancy fees for the Premises for the holdover period of April 1, 2008 through and including the date Landlord obtains possession of the Premises, together with attorney's

3



fees, costs and disbursements of this proceeding, and such other and further relief as to

the Court may seem just and proper.

Dated.        White Plains, New York
              April 2, 2008

                          **CUDDY & FEDER LLP**
                          Attorneys for Petitioner-Landlord
                          445 Hamilton Avenue-14[th] Floor
                          White Plains, New York 10601
                          (914) 761-1300

                          By: _____
                                 Joshua E. Kimerling

4                                                      C&F 898262.1

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

Francis C. Grant _[m]_ being duly sworn, deposes and says:
_VP, Co of Montbell Graham Realty's Management LLC, the Managing_

I am the _DBLNI_ of Petitioner in the within proceeding. I have read the annexed Petition, know the contents thereof and the same are true to my knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true based on the books and records of Petitioner

Francis C. Grant III

Sworn to before me this 2nd
day of April, 2008

Notary Public

ELIZABETH J. COTTRILL
Notary Public - State of New York
No. 01CO6181901
Qualified in New York County
My Commission Expires February 11, 20 _12_

# EXHIBIT "2"

**Memorandum**

# MINSKOFF GRANT

## REALTY & MANAGEMENT CORP.

### PHONE: 212-765-9700
### FAX: 212-664-9007

Date: December 13, 2007

To: Mrs Wasserman

From: Elizabeth Cottrill

Subject: Lease renewal

- Please review the enclosed proposal for renewal & sign. If you have any questions please feel free to contact me

Thank you,

Elizabeth

1350 AVENUE OF THE AMERICAS 32ND FLOOR
NEW YORK NY 10019
EMAIL: INFO@MINSKOFFGRANT.COM

# MINSKOFF GRANT
## REALTY & MANAGEMENT CORP.

### Proposed Lease Renewal

#### SPACE INFORMATION:

**Owner:**  82ND - 83RD STREET VENTURE
COURT & MARTINE ASSOCIATES (11)
c/o Minskoff Grant Realty & Management Corp.
1350 Avenue of the Americas, 32nd Floor
New York, NY 10019
Phone: 212-765-9700
Fax: 212-664-9007

**Property:**  167-183 Martine Avenue
39-55 Court Street
White Plains, NY

**Space:**  173 Martine Avenue

**S.F.:**  Approximately 812 square feet on street level and existing
basement underneath

**Use:**  As per Article 2, Agreement of Lease dated
March 11, 1998.

**Prepared By:**  T Grant        tgrant@minskoffgrant.com
Elizabeth Cottrill    ecottrill@minskoffgrant.com

#### TENANT INFORMATION:

**Tenant:**  Freshi's Stationary & Fruit Farm, Inc
Attn: Cheryl Wasserman
173 Martine Avenue
White Plains, NY 10601

**Federal ID # or
Social Security #:**  13-3930464

**Telephone Numbers:**  914-779-4808 (Home)
914-448-2363 (Store)

three (3) times in a per during one
during

| | |
|---|---|
| **Electric:** | Tenant |
| **Gas:** | Tenant |

## *OTHER TERMS:*

**Security Deposit:** $4,500 (on deposit)

**Owner's Work:** None - as is.

**Tenant's Work:** Tenant is responsible for all Permits and Certificate of Occupancy compliance for Tenant's work as well as any permits or licenses regarding Tenant's use.

**Signage:** With Owner's permission subject to code and uniform signage, not unreasonably withheld.

**Insurance:** $2MM Liability

**Sale of Business:** Notwithstanding any provision in the existing lease, tenant shall not have the right to sell its business or otherwise assign the lease or sublet the premises during the first five (5) years of the renewal term. After that assignment and subletting is permitted with landlord's permission, not unreasonably withheld.

**Holdover Clause:** If Tenant shall fail to vacate and surrender the premises upon expiration or earlier termination of this Lease, it shall be deemed a holdover Tenant on a month-to-month basis at a fixed monthly rent equal to three (3) times the monthly rate of all fixed rent, escalation rent and additional rent payable for the last month of the term hereof.

**Relocation:** Owner reserves the right at any time to relocate the (1) Premises to another location within the "Property," or (2) other common areas in or about the Property, at Owner's expense.

**Demolition Clause:** Terms to be provided.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| JEAN MINSKOFF GRANT, | : | |
| Plaintiff, | : | No. 08 CV 508 (CLB) |
| | : | **FILED BY ECF** |
| -against- | : | |
| MYCA, LLC and 2220 EQUITIES MANAGEMENT LIMITED PARTNERSHIP, | : | |
| Defendants. | : | |

|  |  |  |
|---|---|---|
| MLP I and QCR 77 LLC, | : | |
| Plaintiffs, | : | No. 08 CV 511 (CLB) |
| | : | **FILED BY ECF** |
| -against- | : | |
| MYCA, LLC and 2220 EQUITIES MANAGEMENT LIMITED PARTNERSHIP, | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2008, I electronically filed REPLY DECLARATION OF CHRISTOPHER E. BUCKEY IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS THE COMPLAINT AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION; REPLY DECLARATION OF ALAN MINSKOFF IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS THE COMPLAINT AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION; AND REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION To DISMISS PLAINTIFFS' SECOND CAUSE OF ACTION AND IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT ANd AN ORDER APPOINTING A WINDING-UP PARTNER the with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

> Thomas Golden, Esq.
> Willkie Farr & Gallagher
> 787 Seventh Avenue
> New York, New York  10019

Michael D. Lockard, Esq.
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, New York  10022

Carrie L. Lalyer