**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JEAN MINSKOFF GRANT,

                       Plaintiff,

        -against-

MYCA, LLC and 2220 EQUITIES MANAGEMENT
LIMITED PARTNERSHIP,

                   Defendants.

No. 08 CV 508 (CLB)
**FILED BY ECF**

MLP I and QCR 77 LLC,

                       Plaintiffs,

        -against-

MYCA, LLC and 2220 EQUITIES MANAGEMENT
LIMITED PARTNERSHIP,

                   Defendants.

No. 08 CV 511 (CLB)
**FILED BY ECF**

---

**MYCA, LLC'S REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS**
**PLAINTIFFS' SECOND CLAIMS FOR INJUNCTIVE RELIEF AND IN OPPOSITION**
**TO PLAINTIFFS' CROSS-MOTIONS FOR SUMMARY JUDGMENT**

AKIN GUMP STRAUSS HAUER & FELD LLP
Michael D. Lockard
Rebecca N. Loubriel
590 Madison Avenue
New York, New York 10022
Telephone: (212) 872-7439
Facsimile: (212) 872-1002

*Counsel for defendant MYCA, LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT .............................................................................1

FACTUAL AND PROCEDURAL BACKGROUND .............................................2

ARGUMENT ..........................................................................................................7

I.    PLAINTIFFS' SECOND CAUSES OF ACTION FOR INJUNCTIVE
      RELIEF SHOULD BE DISMISSED...........................................................7

II.   PLAINTIFFS' CROSS-MOTIONS FOR A JUDICIAL DECREE OF
      DISSOLUTION AND FOR A RECEIVER SHOULD BE DENIED.........................8

      A.    The Minority's Disagreement With The Majority's Decisions Does Not
            Constitute Partnership Deadlock....................................................9

      B.    Even If The Partnership Were In Dissolution, Plaintiffs Are Not Entitled
            To Impose A Rogue Agent As Receiver Against The Will Of The Majority.........10

            1.    Plaintiffs' Cross-Motions Effectively Seek A Temporary Receiver
                  For The Properties.................................................................11

            2.    Even If The Partnerships' Management Were Subject To The
                  Court's Plenary Discretion, MGRMC Should Not Be Appointed To
                  Manage The Partnership ........................................................14

CONCLUSION ....................................................................................................16

## TABLE OF AUTHORITIES

**FEDERAL CASES**                                                              **PAGE(S)**

*Bluestein v. Olden*
    No. 04 Civ. 602 (RO), 2004 WL 435081 (S.D.N.Y. Mar. 8, 2004) .........................................13

*Grant v. MYCA, LLC*
    No. 7:08-CV-508 (CLB) (S.D.N.Y.) ..................................................................................3

*MLP I v. MYCA, LLC*
    No. 7:08-CV-511 (CLB) (S.D.N.Y.) ...................................................................................3

*Scorpio 8283 LLC v. MYCA, LLC*
    No. 7:08-CV-510 (CLB) (S.D.N.Y.) ...................................................................................3


**STATE CASES**

*Bishop v. Rubin*
    643 N.Y.S. 2d 108, 228 A.D. 2d 222 (App. Div. 1996) ...............................................4

*Glassner v. Kaufman*
    244 N.Y.S. 2d 449, 19 A.D. 2d 885 (App. Div. 1963) ...............................................11

*Goergen v. Nebrich*
    167 N.Y.S. 2d 491, 4 A.D. 2d 526 (App. Div. 1957) ................................................12

*Grant v. Minskoff*
    Index No. 01375/2008 (N.Y. Sup. Ct.) .......................................................................3

*Grant v. Minskoff*
    Index No. 01376/2008 (N.Y. Sup. Ct.) .......................................................................3

*Harmon v. Marks*
    572 N.Y.S. 2d 305, 175 N.Y.S. 2d 44 (App. Div. 1991) ...........................................11

*Harshman v. Pantaleoni*
    741 N.Y.S. 2d 348, 294 A.D. 2d 687 (App. Div. 2002) ..............................................9

*In re Armienti & Brooks, P.C.*
    767 N.Y.S. 2d 2, 309 A.D. 2d 659 (App. Div. 2003) ................................................14

*Netburn v. Fischman*
    364 N.Y.S. 2d 727, 81 Misc. 2d 117 (Sup. Ct. 1975).........................................11, 12

*Post Broadway Assocs. v. Minskoff Grant Realty & Mgmt. Corp.*
  Index No. 600217/08, 2008 WL 828071 (N.Y. Sup. Ct. Mar. 21, 2008) ..............................3

*Post Broadway Assocs. v. Minskoff Grant Realty & Mgmt. Corp.*
  Index No. 600217/08 (N.Y. App. Div. Apr. 15, 2008) ..............................3

*Rapuano v. Prod. Co.*
  756 N.Y.S. 2d 555, 303 A.D. 2d 243 (App. Div. 2003) ..............................11

*Sanley Co. v. Louis*
  602 N.Y.S. 2d 605, 197 A.D. 2d 412 (App. Div. 1993) ..............................11

*Seiden v. Gogick, Seiden, Byrne & O'Neill LLP*
  718 N.Y.S. 2d 188, 278 A.D. 2d 302 (App. Div. 2000) ..............................12

*Seligson v. Russo*
  792 N.Y.S. 2d 34, 16 A.D.3d 253 (App. Div. 2005) ..............................9

*Shandell v. Katz*
  464 N.Y.S. 2d 177, 95 A.D. 2d 742 (App. Div. 1983) ..............................11

*Tannenbaum v. Rosenbaum*
  141 N.Y.S. 2d 708 (Sup. Ct. 1955) ..............................11, 12

*Zaubler v. Zaubler*
  490 N.Y.S. 2d 843, 112 A.D. 2d 157 (App. Div. 1985) ..............................12

## STATUTES & OTHER AUTHORITIES

2 ALAN R. BROMBERG & LARRY E. RIBSTEIN, PARTNERSHIP §7.08(b)(5) ..............................11, 13

N.Y. Partnership Law § 40(8) ..............................4, 9, 10, 13

N.Y. Partnership Law § 41 ..............................15

N.Y. Partnership Law § 63(1) ..............................9, 10

N.Y. Partnership Law § 68 ..............................10, 13

N.Y. Partnership Law § 75 ..............................10

N.Y. C.P.L.R. § 6401(a) ..............................12, 13

Defendant MYCA, LLC ("MYCA") respectfully submits this memorandum of law (1) in opposition to plaintiffs Jean Minskoff Grant (No. 08 CV 508) and MLP I and QCR 77 (No. 08 CV 511) ("Plaintiffs") cross-motions for (a) summary judgment on its first cause of action for a decree of dissolution and (b) an order declaring plaintiff the "winding-up partner" in the event of dissolution; and (2) in further support of MYCA's and defendant 2220 Equities Management Limited Partnership's ("2220 Equities") joint motion to dismiss Plaintiff's second cause of action for injunctive relief.

## PRELIMINARY STATEMENT

Plaintiffs do not contest that they are not entitled to the injunctive relief they seek in the Complaints' second causes of action. There simply is no dispute that Plaintiffs have not and cannot show irreparable harm and, accordingly, the second causes of action should be dismissed. Rather than defend the claim they have asserted, Plaintiffs now seek to re-cast their requests as one for the appointment of a "winding up partner" in order to designate Minskoff Grant Realty & Management Corp. ("MGRMC"), an already-terminated managing agent, to exercise exclusive control over the real estate at issue, to devise a plan for winding up the partnership's affairs and to conduct an accounting, at the exclusion of the majority partners. But the partnerships have not been dissolved and are not subject to judicial dissolution, as Plaintiffs request. Plaintiffs' argument that the partnerships are "deadlocked" is belied by the fact that a majority of partners in the partnerships seek to dissolve recently elected to terminate MGRMC's agency and retain an independent, third-party manager for the properties. MGRMC nonetheless has refused to recognize the authority of the majority partners or its own discharge, forcing the partnerships to obtain a preliminary injunction against it in New York state court. Plaintiffs' attempt to saddle the partnerships and their properties with this rogue agent is contrary to New York law and offensive to equity, and should be denied.

1

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendants' opening brief ("Opening Br.") in support of their joint motion to dismiss the Complaints sets forth the factual background of the decision by several real estate partnerships, acting through their majority partners (the Defendants or their principals), to terminate any agency relationship those partnerships may have had with Minskoff Grant Realty & Management Corp.—a company controlled by principals that also are partners or control partnership interests in the two partnerships involved in these actions—and to hire an independent, third-party manager to manage the properties owned by the partnerships. (*See* Opening Br. at 4-6.) MGRMC's conflicted management of those properties had caused sharp discord among the partners, some of whom (MGRMC's principals and their allies) were content with MGRMC's management and some of whom (the majority partners and Defendants here) were extremely dissatisfied. (*Id.* at 5.)

When the partnerships, acting through the majority partners, directed MGRMC to turn over management of the properties no later than January 1, 2008, MGRMC turned rogue. It denied the authority of the majority partners to act on behalf of the partnerships; refused to turn over the partnerships' books, records, accounts, keys and other property; and continued to seek to exercise control over the partnerships' tenant relationships, finances, and general management of the properties. The partnerships were forced to commence an action against MGRMC to enjoin its unauthorized and unlawful attempt to control the partnerships' properties, and on March 21, 2008, the Supreme Court of New York, New York County, issued an order enjoining MGRMC from taking any action on behalf of the partnerships or holding itself out as the agent of the partnerships, and directing MGRMC to turn over the partnerships' books, records, keys and other

---

[1] Abbreviations in this memorandum have the same definition provided in the Opening Brief.

property to the partnerships. (Declaration Of Michael D. Lockard In Further Support Of Defendants' Joint Motion To Dismiss Plaintiffs' Second Claims For Injunctive Relief And In Opposition To Plaintiff's Cross-Motion For Summary Judgment, dated April 17, 2008 ("Lockard Reply Decl.") Ex. 1 (Decision and Order at 9-10, *Post Broadway Assocs. v. Minskoff Grant Realty & Mgmt. Corp.*, Index No. 600217/08, 2008 WL 828071 (N.Y. Sup. Ct. Mar. 21, 2008) ("Preliminary Injunction")).)[2] The court found that the majority partners had validly exercised their rights, under New York Partnership Law Section 40(8), to determine ordinary matters connected with the partnership business, including the removal of the managing agent for the partnerships' properties. (*Id.* at 6.)

In response to the partnerships' decision to free themselves from MGRMC's conflicted property management, the minority partners in the partnerships (MGRMC's principals and their allies) commenced three actions before this Court,[3] along with two other actions pending in state court,[4] to dissolve the partnerships. In their complaints and cross-motions, the minority partners ask this Court (1) to judicially dissolve the partnerships, (2) to enjoin the majority from participating in the management of the partnerships or from making decisions on behalf of the partnerships, and (3) to authorize them to appoint a rogue agent, MGRMC, to manage the partnerships' properties and to be solely responsible for winding up the partnerships, preparing an accounting of the partners' interests, and preparing a plan to liquidate and distribute the

---

[2] Plaintiffs' opposition briefs note an interim stay order regarding the Preliminary Injunction. (Opp. Brs. at 12.) The Appellate Division vacated the interim stay and denied MGRMC's motion for a stay pending appeal by order dated April 15, 2008. (*See* Lockard Reply Decl. Ex. 2 (Order of the Appellate Division of the Supreme Court, First Judicial Department, New York County in *Post Broadway Assocs. v. Minskoff Grant Realty & Mgmt. Corp.*, M-1656, Index No. 600217/08 (N.Y. App. Div. Apr. 15, 2008)).)

[3] *Grant v. MYCA, LLC*, No. 7:08-cv-508 (CLB) (S.D.N.Y.); *Scorpio 8283 LLC v. MYCA, LLC*, No. 7:08-cv-510 (CLB) (S.D.N.Y.); and *MLP I v. MYCA, LLC*, No. 7:08-cv-511 (CLB) (S.D.N.Y.).

[4] *Grant v. Minskoff*, No. 01375/2008 (N.Y. Sup. Ct.) and *Grant v. Minskoff*, No. 01376/2008 (N.Y. Sup. Ct.).

partnerships' assets. (*See* Compls. at 8; Plaintiff's Memorandum Of Law (1) In Opposition To Defendants' Joint Motions To Dismiss; And (2) In Support Of Its Cross-Motions For: (i) An Order Declaring The Partnerships Dissolved And (ii) An Order Directing An Evidentiary Hearing Be Held With Respect To The Appointment Of A Winding-Up Partner ("Opp. Brs.")[5] at 12-18.)

In their briefs in opposition to Defendants' motions and in support of their cross-motions, Plaintiffs do not take issue with the basic facts described above. Rather, Plaintiffs assert erroneous legal conclusions from those facts. Plaintiffs deny the majority partners' ability to make decisions on behalf of the partnerships, to terminate MGRMC, or to retain an independent, third-party managing agent. Plaintiffs, supported by MGRMC, call the majority partners the "Revoking Partners" (Opp. Brs. at 8-11), "Certain Partners" (*id.* at 8), or "a handful of partners" (Affidavit Of Michael Edward Breede ("Breede Aff.") ¶ 7, Affidavit Of Jean Minskoff Grant ("Grant Aff.") ¶ 23)—anything but what they actually are: the majority partners with authority, under New York law, to decide ordinary matters for the partnership. N.Y. Partnership Law § 40(8); *Bishop v. Rubin*, 643 N.Y.S. 2d 108,110-11, 228 A.D. 2d 222, 224 (App. Div. 1996). (*See also* Lockard Reply Decl. Ex. 1 (Preliminary Injunction at 6).) Similarly, Plaintiffs assert that the partnerships never actually elected to terminate MGRMC (Plaintiff's Counter Statement Pursuant To Rule 56.1 In Opposition To Defendants' Motion For Partial Summary Judgment ("56.1 Counter Statement") ¶¶ 22-25; Opp. Brs. at 8-9; Breede Aff. ¶¶ 7-8); despite the fact that Plaintiffs' principals participated in duly-noticed partnerships meetings in November 2007 where the majority passed motions "that we hire Armstrong Realty Management effective January 1st of 2008 and that we would instruct Minskoff Grant to turn over to Armstrong all of the

---

[5] Plaintiffs filed two substantially identical memoranda in *Grant v. MYCA, LLC*, No. 7:08-cv-508 (CLB) (S.D.N.Y.); and *MLP I v. MYCA, LLC*, No. 7:08-cv-511 (CLB) (S.D.N.Y.). They are cited together as "Opp. Brs."

partnership assets, records, monies, keys, all partnership documents in their possession by the end of the year December 31st, 2007." (Breede Aff. Ex. A (transcript of partnership meeting at 11 (motion) and 15 (vote)).)  Indeed, the Supreme Court found the assertion that the majority partners "breached their duty of candor" with respect to Armstrong's retention was "contradicted by the record." (Lockard Reply Decl. Ex. 1 (Preliminary Injunction at 8); Declaration Of Michael D. Lockard In Support Of Defendants' Joint Motion To Dismiss The Complaint dated February 28, 208 ("Lockard Decl.") Ex. 6 (Affidavit Of Michael Edward Breede at 7-8).)  The New York courts similarly have rejected Plaintiffs' claim to an absolute right to ignore and contradict the decisions of the majority. (*Compare* Opp. Brs. at 16 & n.2 *with* Lockard Reply Decl. Ex. 1 (Preliminary Injunction at 5-6).)

It is not necessary to address Plaintiffs' and MGRMC's lengthy and self-serving recitation of MGRMC's property management practices (*see* Opp. Brs. at 5-8, 17-18; Breede Aff. ¶¶ 3-5, 10, 13; Grant Aff. ¶¶ 8-22), except to say that Defendants firmly disagree that MGRMC's conflicted management was at all satisfactory.  To the contrary, the majority partners repeatedly found that MGRMC did not consult them or even give notice prior to making decisions respecting the partnerships' properties; did not provide them with sufficient information about the properties' affairs; and generally was not responsive to the majority partners' questions, concerns or interests. (Declaration Of Sara Minskoff Allan In Support Of Defendants' Joint Motion To Dismiss Plaintiffs' Second Claims For Injunctive Relief, dated February 28, 2008 ("Allan Decl.") ¶ 4.)  MGRMC consistently has refused to provide full access to partnership books and records, and has refused, failed to respond or seriously delayed in responding to requests for key partnership records, including executed copies of the purported management agreements, leases, financing documents, and other important partnership records. (Declaration

Of Sara Minskoff Allan In Further Support Of Defendants' Joint Motion To Dismiss Plaintiffs'

Second Claims For Injunctive Relief And In Opposition To Plaintiff's Cross-Motions For

Summary Judgment, dated April 17, 2008 ("Allan Reply Decl.") ¶¶ 7-15.) Indeed, for years

MGRMC refused to provide MYCA with executed copies of the purported management

agreements unless MYCA agreed to sign them, which it never did. (*Id.* ¶ 9.[6])

Moreover, MGRMC has refused to recognize the authority of the majority partners to

make decisions respecting the properties and refused to consult with them prior to taking action

purportedly on behalf of the partnership. Incredibly, several months <u>after</u> MGRMC was

terminated, MGRMC commenced un-noticed and unauthorized eviction proceedings against one

of the partnerships' tenants. (*Id.* ¶¶ 16-17.) Yet MGRMC was prepared to pay itself

approximately $270,000 from partnership accounts in 2008 for management fees, leasing

commissions, reimbursement of its own employees' salaries, "vehicle expense" and "telephone,"

in addition to the distributions MGRMC's principals would receive from the properties where

they own or control partnership interests. (*See* Grant Aff. Ex. D (2008 Draft Budgets).)

The majority partners justifiably do not trust MGRMC with managing the properties

owned by the partnerships and should not be forced to suffer it.

---

[6] MGRMC misleadingly has provided this Court with unexecuted copies of the agreements showing signature lines for all then-partners. (Grant Aff. Ex. A.) MYCA and its principals never have executed the purported agreements, and the signed copies MGRMC provided after its termination show that a conflict-free majority of partners have never approved the agreements. (Allan Reply Decl. Ex. 2.)

**ARGUMENT[7]**

**I.    PLAINTIFFS' SECOND CAUSES OF ACTION FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED**

Plaintiffs' second causes of action for injunctive relief must be dismissed for failure to state a claim or, in the alternative, for the absence of a genuine issue of material fact regarding the absence of irreparable injury. Plaintiffs do not contest that they have failed adequately to allege irreparable harm, nor do they contest that there is no genuine issue of material fact with respect to the absence of this element of injunctive relief. (*See* Opp. Brs. at 18-20.) In other words, Plaintiffs do not contest that they cannot obtain an injunction.

Instead, Plaintiffs seek to transform their second causes of action from a request for an injunction to a request for an order pursuant to Partnership Law Section 75. (*See ids*.) As discussed below, Plaintiffs' new request for such an order should be denied. But for purposes of Defendants' motion to dismiss, Plaintiffs cannot informally amend their complaints by attempting to re-characterize their second causes of action. It is plain from the Complaints that Plaintiffs pleaded a claim for injunctive relief. At paragraph 35 (No. 08 CV 508) and 36 (No. 08 CV 511) Plaintiffs allege (conclusorily and without factual support) that they would suffer irreparable harm, an allegation plainly intended to support their request for an injunction. Moreover, in their plea for relief, Plaintiffs explicitly seek an injunction "enjoining" the defendant majority partners from exercising their right to participate in the management of the partnership's affairs. (Compls. at 8.) In contrast to this express plea for an injunction, the Complaints nowhere mention New York Partnership Law or purport to seek relief thereunder.

---

[7] Defendant MYCA agrees with and joins in the arguments set forth in the memorandum of law by defendant 2220 Equities Management Limited Partnership.

Plaintiffs' second cause of action is exactly what it sounds like: a request for injunctive relief. Plaintiffs have not pleaded and cannot show the elements required for an injunction and, accordingly, the second causes of action and pleas for an injunction should be dismissed.

## II. PLAINTIFFS' CROSS-MOTIONS FOR A JUDICIAL DECREE OF DISSOLUTION AND FOR A RECEIVER SHOULD BE DENIED

Plaintiffs assert that the Partnerships are partnership at will that can be dissolved without judicial intervention at any time by any of the partners. (*See* Opp. Brs. at 13.) Yet Plaintiffs never have acted to dissolve the Partnerships, and fail to explain why they have burdened this Court and the parties with litigation asking that that the Court do what Plaintiffs have failed to do for themselves. Unless and until the Partnerships are dissolved, the majority partners believe that the Partnerships can be operated profitably and would like the Partnerships' business to continue, in accordance with the majority partners' rights under New York law to make decisions on behalf of the Partnerships.

Plaintiffs claim that they are entitled to a judicial decree of dissolution because the minority partners and majority partners do not agree about the management of the Partnerships' properties. (Opp. Brs. at 12-13.) If New York partnerships were subject to dissolution as a matter of law any time the minority disagreed with the decisions of the majority, there soon would be no New York partnerships. For good reason, however, that is not the law of New York. Discord among partners only warrants judicial dissolution where the discord prevents the partnership from being able to make any decisions or to manage its affairs. Because there are governing majorities at the Partnerships, they can continue making decisions—like their decisions to replace MGRMC as managing agent.

Because the Partnerships have not been dissolved and are not subject to judicial dissolution, there is no need for the Court to address Plaintiffs' requests for an order precluding

the Defendants from exercising their rights under New York Partnership Law to participate in the management of the partnership's affairs during the winding-up process. But because Plaintiffs' cross-motions are, in effect, requests that the Court appoint MGRMC as a receiver for the Partnerships' real property, and because the Partnerships already have discharged MGRMC and obtained a court order against it, we will add a few words about the cross-motion. Plaintiffs' requests not only are contrary to their own Complaints, which seek a referee-supervised winding-up of partnership affairs (Compls. at 8), but even if the Partnerships eventually are dissolved, and even if it were to become necessary for the Court to intervene in the management of their real properties during the winding-up process, MGRMC is the last entity that should be appointed to manage the property.

## A.    THE MINORITY'S DISAGREEMENT WITH THE MAJORITY'S DECISIONS DOES NOT CONSTITUTE PARTNERSHIP DEADLOCK

Plaintiffs asserts that they are entitled to summary judgment on their first causes of action for a judicial decree of dissolution of the Partnerships under New York Partnership Law Section 63(1)(f), because the Defendants agree that there has been "sharp discord" among the partners with respect to MGRMC's controversial (and terminated) management. (*See* Opp. Brs. at 13-14; *see also* Opening Br. at 4-6.) Plaintiffs mistakenly equate "discord" with "deadlock." As Plaintiffs' own cases make clear, dissolution under Section 63(1) is appropriate only if there is true deadlock resulting in the "inability of the partnership to make any decisions," *see Seligson v. Russo*, 792 N.Y.S. 2d 34, 35, 16 A.D.3d 253, 253 (App. Div. 2005) (cited by Opp. Brs. at 13), or, possibly, where the partnership's inability to reach agreement would result in a partnership of indefinite duration, *see Harshman v. Pantaleoni*, 741 N.Y.S. 2d 348, 349, 294 A.D. 2d 687, 687-88 (App. Div. 2002) (dissolution under Section 63(1)(f) warranted where inability of partners unanimously to agree on sale of real property would have resulted in indefinite continuation of

partnership). But there <u>is</u> a governing majority able to manage the Partnerships' affairs pursuant to Partnership Law Section 40(8). Indeed, the majority partners have acted to terminate MGRMC's conflicted management and to place the Partnerships' real property under the management of an independent, third-party property manager.

Notably, although Plaintiffs contends that the Partnerships are dissolvable at will (*see* Opp. Brs. at 13), Plaintiffs strangely have not acted to dissolve the Partnerships. If the Partnerships are at-will, there simply is no need for Plaintiffs to burden this Court by seeking relief that is readily available to them outside the courtroom. The Partnerships have not been dissolved and, unless and until they are, the defendant majority partners prefer to continue managing the Partnerships' business in accordance with New York Partnership Law Section 40(8). If the Partnerships ever are dissolved notwithstanding the majority's preference to continue the business, MYCA reserves its rights to participate in the winding up of the Partnerships' affairs, *see* N.Y. Partnership Law § 68, and to an accounting.

Plaintiffs' cross-motions for summary judgment on their first causes of action for a judicial decree of dissolution, accordingly, should be denied.

### B. EVEN IF THE PARTNERSHIP WERE IN DISSOLUTION, PLAINTIFFS ARE NOT ENTITLED TO IMPOSE A ROGUE AGENT AS RECEIVER AGAINST THE WILL OF THE MAJORITY

Because the Partnerships have not been dissolved and are not subject to judicial dissolution under New York Partnership Law Section 63(1)(f), there is no need to address Plaintiffs' cross-motions for an order prohibiting the defendant majority partners from participating in the winding up of the Partnerships' affairs and directing that MGRMC act as property manager their properties. We will nonetheless add a few words about Plaintiffs' cross-motions.

1.    **Plaintiffs' Cross-Motions Effectively Seek A Temporary Receiver For The Properties**

Plaintiffs argue that, if the Partnerships are dissolved, the Court should issue an order under Partnership Law Section 75 to exclude the majority partners from participating in managing the Partnerships' properties and to appoint an agent to exercise exclusive management of the Partnerships' affairs, to wind up the Partnerships, and to perform an accounting. (Opp. Brs. at 14-18.) The case law Plaintiffs cite, however, does not support that position. Indeed, New York courts consider partners' and former partners' applications to appoint a temporary receiver and to preclude other partners from participating in the management of the partnership a "drastic remedy." *See, e.g., Rapuano v. Prod. Co.*, 756 N.Y.S. 2d 555, 303 A.D. 2d 243 (App. Div. 2003) (denying former partner's application for a receiver for insufficient showing of waste or mismanagement); *Sanley Co. v. Louis*, 602 N.Y.S. 2d 605, 197 A.D. 2d 412 (App. Div. 1993) (reversing appointment of receiver and injunction against partner's participation in winding up in the absence of mismanagement or misappropriation); *Harmon v. Marks*, 572 N.Y.S. 2d 305, 175 A.D. 2d 44, 45 (App. Div. 1991) (reversing appointment of temporary receiver; receivership is a "drastic remedy used sparingly in partnership dissolution proceedings"); *Shandell v. Katz*, 464 N.Y.S. 2d 177, 95 A.D. 2d 742 (App. Div. 1983) (affirming denial of partner's application for temporary receiver where there was no danger that partnership property would be removed from the state, lost, materially injured or destroyed); *Glassner v. Kaufman*, 244 N.Y.S. 2d 449, 19 A.D. 2d 885 (App. Div. 1963) (Appointing a receiver "is a drastic remedy, and can properly be invoked only where there is a clear evidentiary showing of the necessity for the conservation of property and the protection of the interests of the litigant."); *Tannenbaum v. Rosenbaum*, 141 N.Y.S. 2d 708 (Sup. Ct. 1955) (denying partner's executrix's application to appoint herself as receiver). *See also* 2 Alan R. Bromberg & Larry E. Ribstein, Partnership §7.08(b)(5)

(2008) ("BROMBERG & RIBSTEIN") (ordinary matters in winding-up are decided by the majority partners).

The cases Plaintiffs rely upon do not conflict with the principle that, ordinarily, cause or danger to the property is required before a court will enjoin the majority partners from deciding partnership affairs. In *Netburn v. Fischman* (cited in Opp. Brs. at 15), the Supreme Court, Bronx County, denied an application by the plaintiff, a retiring partner, for a temporary receiver of the partnership business during dissolution because there was no danger that the business's property would be removed from the jurisdiction, lost, materially injured or destroyed. 364 N.Y.S. 2d 727, 729, 81 Misc.2d 117, 118 (Sup. Ct. 1975) (citing N.Y. C.P.L.R. § 6401(a)). The court invoked Partnership Law Section 75 simply to require the defendant, who would continue managing the partnership business in light of the denial of the application for a receiver, to post an undertaking, *id.*, and further ordered the defendant to keep accurate records and separate bank accounts for the partnership. In *Goergen v. Nebrich* (cited in Opp. Brs. at 15-16), the Fourth Department faced a partnership dissolvable because of the incompetency of a partner. 167 N.Y.S. 2d 491, 492-93, 4 A.D. 2d 526, 528 (App. Div. 1957). The court addressed the trial court's "considerable discretion" in choosing between the only two alternatives available to it: appoint a temporary receiver, or permit the sole surviving partner to continue the business. *Id.* The appellate division affirmed the trial court's decision not to appoint a receiver. *Id.* Other cases applying Section 75 of the Partnership Law address whether the partners continuing the partnership business during the pendency of a dissolution action should be required to post an undertaking, and in what amount. *See, e.g., Seiden v. Gogick, Seiden, Byrne & O'Neill LLP*, 718 N.Y.S. 2d 188, 278 A.D. 2d 302 (App. Div. 2000); *Zaubler v. Zaubler*, 490 N.Y.S. 2d 843, 112 A.D. 2d 157 (App. Div. 1985); *Tannenbaum*, 141 N.Y.S. 2d at 710-11 (directing surviving

12

partner to execute a bond and comply with certain conditions). Neither *Netburn* nor *Goergen* support enjoining the management of partnership affairs by a competent and functioning majority without a finding of cause under Partnership Law Section 68 or circumstances justifying a temporary receiver under CPLR Section 6401(a). Indeed, a recent decision from this court supports deferring to the majority's management in the face of a minority partner's application to be appointed sole liquidating partner. *Bluestein v. Olden*, No. 04 Civ. 602 (RO), 2004 WL 435081, at *1-2 (S.D.N.Y. Mar. 8, 2004).

Accordingly, Plaintiffs' requests should be recognized for what they are: an application for a temporary receiver. Plaintiffs seek an order that would prohibit the majority partners from exercising their rights under New York law to participate in the winding up of the Partnerships' affairs, *see* N.Y. Partnership Law § 68; and from managing the partnership's business pursuant to majority vote, *see* N.Y. Partnership Law § 40(8); 2 BROMBERG & RIBSTEIN §7.08(b)(5). Plaintiffs' requested order would impose upon the Partnerships a managing agent that the Partnerships terminated, pursuant to majority vote, approximately three months ago. Plaintiffs ask the Court to imbue this rogue agent, MGRMC, with the power to wind up the Partnerships' affairs (including, presumably, the power to liquidate partnership assets and pay partnership debts), to perform an accounting of the partners' interests, and to distribute any excess assets to the partners in accordance with that accounting. (*See* Opp. Brs. at 14-18.) This is an application for a receiver, and should be denied.

A receiver can only be appointed where the movant shows "danger that the property will be removed from the state, or lost, materially injured or destroyed." N.Y. C.P.L.R. § 6401(a). Plaintiffs have not alleged or introduced any evidence of circumstances warranting appointment

of a receiver, nor do Plaintiffs argue that they have. The cross-motions, accordingly, should be denied.

2.    **Even If The Partnerships' Management Were Subject To The Court's Plenary Discretion, MGRMC Should Not Be Appointed To Manage The Partnership**

Even if the Partnerships were dissolved, and even if the Court were inclined to intervene in the management of the Partnerships' affairs, Plaintiffs' motion to commit the management of the properties and the Partnerships' affairs, the preparation of an accounting, and the liquidation and distribution of partnership assets to a rogue property manager should be rejected. Plaintiffs have cited no case where a New York court has forced a discharged managing agent upon a partnership as receiver, and we are aware of none. An order excluding the majority partners from winding up in favor of this rogue agent would improperly "reward [MGMRC] for [its] refusal to cooperate." *In re Armienti & Brooks, P.C.*, 767 N.Y.S. 2d 2, 309 A.D. 2d 659 (App. Div. 2003).

Plaintiffs contend that the Court should choose MGRMC over the Partnerships' and their majority partners' decisions because of its purported excellent history of property management, including, according to Plaintiffs and MGRMC, excellent tenant relationships, good budgetary and leasing practices, and regular updates to the partners. Despite Plaintiffs' and MGRMC's rosy, self-serving accolades, the experiences of the majority partners have been much different. Otherwise, why would they have elected to replace MGRMC's conflicted property management with an independent, third-party manager, and then gone through the trouble and expense of enforcing their rights in the New York state courts?

The first, and most glaringly obvious problem with overriding the Partnerships' decision to terminate MGRMC is MGRMC's willful and inexplicable refusal to acknowledge its termination. Despite the decision by several partnerships, through their majority partners, to terminate MGRMC; despite Jean Grant's participation in at least one of the partnership meetings

14

where that decision was made (at least, until her early exit); despite letters from the partnerships and from the partnerships' counsel directing MGRMC to turn over partnership books, records, accounts and properties, MGRMC has ignored the partnerships' directions and unlawfully converted partnership property. MGRMC has interfered with the partnerships' attempts to gain control over their bank accounts (*see* Lockard Reply Decl. Ex. 2 (transcript of hearing at 15:**1**7-16:20)), and has interfered with the partnerships' tenant relationships—even commencing unauthorized eviction proceedings against one tenant, without advance notice to the partners and without their consent. (*See* Lockard Reply Decl. Ex. 4 (holdover petition) & Ex. 5 (email); Allan Reply Decl. ¶¶ 17-18.) MGRMC has no concept of the duties of an agent to its principal, has no respect for the authority of the majority partners and cannot be trusted with the management of the partnerships' properties, much less the important duties of preparing an accounting and distributing partnership assets.

MGRMC's conduct prior to its termination by the partnership was little better. Grant and MGRMC repeatedly and consistently failed or refused to provide partners with access to partnership books and records in accordance with their rights under New York law, *see* N.Y. Partnership Law § 41. They have been unresponsive to MYCA's questions, concerns or interests, and have impeded its ability to participate in partnership decisions. (Allan Decl. ¶ 9; Allan Reply Decl. ¶¶ 7-16.) Indeed, MGRMC has gone so far as to refuse MYCA access to partnership books and records unless it agreed to pay for a security guard and advance a $20,000 deposit. (*Id.* ¶ 12.) It is, in the end, MGRMC's own conduct that best demonstrates why the majority partners terminated its agency in November 2007, and why now, if the Court decides to appoint a receiver, MGRMC's appointment would work an injustice on the partnership and only extend the dissension among the partners.

## CONCLUSION

For the foregoing reasons, defendant MYCA, LLC respectfully requests that the Court enter an Order (1) dismissing Plaintiffs' Second Claims for injunctive relief with prejudice; (2) denying Plaintiffs' cross motions for (a) summary judgment on its first cause of action for a judicial decree of dissolution and (b) an order appointing the plaintiff as "winding-up partner;" and (3) granting such other and further relief as the Court deems just and proper.

Dated: April 17, 2008

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____

Michael D. Lockard (ML 2836)
Rebecca N. Loubriel (RL 4726)
590 Madison Avenue
New York, NY 10022
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Counsel for defendant MYCA, LLC*

# CERTIFICATE OF SERVICE

I, Michael D. Lockard, an attorney with the law firm of Akin Gump Strauss Hauer & Feld, hereby certify that on this 17th day of April 2008, I caused to be served, via email delivery a copy of (1) the Declaration Of Michael D. Lockard In Further Support Of Defendants' Joint Motion To Dismiss Plaintiffs' Second Claim For Injunctive Relief And In Opposition To Plaintiffs' Cross-Motion For Summary Judgment; (2) the Declaration Of Sara Minskoff Allan In Further Support Of Defendants' Joint Motion To Dismiss Plaintiffs' Second Claim For Injunctive Relief And In Opposition To Plaintiffs' Cross-Motion for Summary Judgment; (3) MYCA, LLC's Reply Memorandum Of Law In Further Support Of Defendants' Joint Motion To Dismiss Plaintiffs' Second Claim For Injunctive Relief And In Opposition To Plaintiffs' Cross-Motion For Summary Judgment; and (4) MYCA, LLC's Response To Plaintiff Jean Minskoff Grant's Local Rule 56.1 Statement to:

> WILLKIE FARR & GALLAGHER
> Thomas H. Golden
> 787 Seventh Avenue
> New York, New York 10019
>
> *Counsel for plaintiff Jean Minskoff Grant*
>
> -and-
>
> WHITEMAN OSTERMAN & HANNA LLP
> Philip H. Gitlen
> Christopher E. Buckey
> One Commerce Plaza
> Albany, New York 12260
>
> *Counsel for defendant*
> *2220 Equities Management Limited Partnership*

Dated: New York, New York
       April 17, 2008

Michael D. Lockard