# AKIN GUMP
# STRAUSS HAUER & FELD LLP

Attorneys at Law

MICHAEL D. LOCKARD
212.872.7439/fax: 212.872.1002
mlockard@akingump.com

June 2, 2008

**VIA FACSIMILE**

Hon. Charles L. Brieant
United States District Judge
United States Courthouse
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: *Grant v. MYCA, LLC et al.*, No. 08 Civ. 508 (CLB) (S.D.N.Y.)
    *Scorpio 8283 LLC v. MYCA, LLC et al.*, No. 08 Civ. 510 (CLB) (S.D.N.Y.)
    *MLP 1 et al. v. MYCA, LLC et al.*, No. 08 Civ. 511 (CLB) (S.D.N.Y.)

Your Honor:

We represent defendant MYCA, LLC in each of the above-referenced actions involving certain real-estate partnerships.

At oral argument held Friday, May 16, 2008, on various motions pending in the actions,[1] the Court permitted 30 days of discovery respecting Plaintiffs' (minority partners in each of the partnerships) claims for a judicial dissolution of the partnerships pursuant to New York Partnership Law Section 63(1)(f), *see* Transcript at 28:1-2 & 31:2-3, although Plaintiffs did not believe discovery was necessary when they chose to bring their motions for summary judgment prior to taking any discovery. At the hearing, however, counsel for all Plaintiffs represented on the record that Plaintiffs would forgo judicial dissolution if defendants confirmed that the relevant partnerships were at will and can be dissolved without breaching any applicable partnership agreements. *See* Transcript at 21:15-22:3.

---

[1] Those motions are (1) Defendants' joint motions to dismiss each of the plaintiffs' second causes of action for injunctive relief; (2) Defendants' joint motion to dismiss the *Scorpio 8283 LLC* action for failure to join indispensable parties; (3) Plaintiffs' cross-motions for summary judgment judicially dissolving the partnerships at issue in the actions; and (4) Plaintiffs' motion for an order permitting Plaintiffs to re-instate a terminated managing agent—one presently subject to a preliminary injunction issued by the Supreme Court of the State of New York, New York County, and further permitting Plaintiffs to exclude Defendants from enforcing their rights to an accounting of the partnerships' interests or from participating in the partnerships' winding up, liquidation and termination.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

590 Madison Avenue / New York, New York 10022-2524 / 212.872.1000 / fax: 212.872.1002 / akingump.com

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

Hon. Charles L. Brieant, U.S.D.J.
June 2, 2008
Page 2

Defendants MYCA, LLC and 2220 Equities Limited Management have confirmed, in writing, their understanding that the relevant partnerships are at will and thus may be dissolved without the need for wasteful discovery and motion practice concerning judicial dissolution, which would serve only to burden the parties and the Court and needlessly consume financial and legal resources. Moreover, the defendants have offered to dissolve the three partnerships by agreement among the parties, and await the plaintiffs' response to their offer.

Accordingly, we believe that the plaintiffs' claims for judicial dissolution are moot or quickly will become moot, and we respectfully request that the Court's limited discovery order be stayed pending Plaintiffs' acceptance of our offer to dissolve the partnerships.

In the event the Plaintiffs agree to dissolve the partnerships, as they have represented they will, we would ask the Court to refer the actions to a magistrate judge to hear any additional claims the parties have brought or may bring, and to hear any disputes respecting the winding up, liquidation and termination of the partnerships.

I have been authorized by Philip H. Gitlen, counsel for 2220 Equities Management Limited Partnership in these actions, to state that he concurs with the requests made in this letter.

Respectfully submitted,

Michael D. Lockard

cc: Thomas H. Golden, *counsel for plaintiffs Jean Grant, MLP I, QCR 77 LLC and Scorpio 8283 LLC*
Phillip H. Gitlen, Esq., *counsel for defendant 2220 Equities Management Limited Partnership*
Christopher Buckey, Esq., *counsel for defendant 2220 Equities Management Limited Partnership*
Elizabeth Young, Esq.