# WHITEMAN OSTERMAN & HANNA LLP

Attorneys at Law
www.woh.com

One Commerce Plaza
Albany, New York 12260
518.487.7600 phone
518.487.7777 fax

Christopher E. Buckey
Partner
518.487.7795 phone
cbuckey@woh.com

July 31, 2008

VIA ELECTRONIC FILING

United States Magistrate Judge Lisa Margaret Smith
US District Court, SDNY
300 Quarropas Street
White Plains, NY 10601

> Re: **Grant v. MYCA, LLC** *et al.*, **No. 08 CV 508 (CLB)**
> **Scorpio 8283 LLC v. 2220 Equities Management Limited Partnership** *et al.*,
> **No. 08 CV 510 (CLB)**
> **MLP I** *et al.* **v. MYCA, LLC** *et al.*, **No. 08 CV 511 (CLB)**

Dear Judge Smith:

    This firm represents Defendant 2220 Equities Management Limited Partnership in the above-referenced actions. Attached for filing is the unsigned letter from Lawrence J. Lipson, the Special Master appointed in these actions. Mr. Lipson requested that we electronically file his letter.

    Please contact us if the Court has any questions.

Respectfully,

Christopher E. Buckey

CEB/kac
Attachment

Lawrence J. Lipson<br>
100 Morton Street<br>
Apt. 9BW<br>
New York, NY 10014

July 30, 2008

United States Magistrate Judge Lisa Margaret Smith
US District Court, SDNY
300 Quarropas Street
White Plains, NY 10601

Re: <u>Grant v. MYCA, LLC</u>, No. 08 Civ. 508 (CLB) (LMS) (S.D.N.Y.)
    <u>Scorpio 8283 LLC v. 2220 Equities Management Limited Partnership</u>, No. 08 Civ. 510 (CLB) (LMS) (S.D.N.Y.)
    <u>MLPI v. MYCA LLC</u>, No. 08 Civ. 511 (CLB) (LMS) (S.D.N.Y.)

Dear Judge Smith:

I am writing to advise you of the first meeting which I held on July 30, 2008 as Special Master in the captioned actions.

The meeting was attended by Thomas H. Golden of Wilkie Farr & Gallagher LLP, attorney for the plaintiffs, Philip H. Gitlen of Whiteman Osterman & Hanna LLP and Michael D. Lockard and Elizabeth J. Young of Akin Gump Strauss Hauer & Feld LLP, attorneys for the defendants, Mark G. Bosswick and Rita Pierre of Berdon LLP, the independent accountants, Mark Massey and Cornell M. Fauntleroy of Armstrong Management, Corp., the managing agent for the properties and me.

In order to determine if an agreement can be reached on how to split up the properties among the partners, I suggested a procedure where the parties will submit to me and to Mr. Bosswick their respective proposals. In this regard, the parties agreed to the following time table:

1. By August 8th the parties will agree on what properties, in addition to the ones which are the subject of the captioned actions, will be subject to the procedure and what additional information the parties will need to make their proposals.
2. If the properties consist only of the three properties which are the subject of the captioned actions and the two properties which are the subject of two similar actions in New York State Supreme Court, the proposals will be submitted by September 8th. If three additional properties are to be included in the procedure, the proposals will be submitted by October 6th.

United States Magistrate Judge Lisa Margaret Smith
July 30, 2008
Page 2

Based on the proposals, we will determine if there is any basis for the parties to reach an agreement on splitting up the properties.

The following was agreed to with respect to the accounting:
1. The accounting will initially be with respect to calendar years 2005 through 2008.
2. The following will be included in the accounting:
   - Review of the allocation of expenses among various properties.
   - If there were appropriate authorizations to enter into the management agreements with the prior managing agent.
   - Whether the fees of Fulbright & Jaworski LLP, attorneys for the partnerships, were properly charged to the partnerships.
   - Whether the management and leasing commissions of the prior managing agent were correctly calculated.
   - A capital account reconciliation.

In addition, Mr. Bosswick will provide the parties with a list of additional work which may be included in the accounting and an estimate of the cost thereof. The parties will advise Mr. Bosswick by August 15th of which additional items they wish to include in the accounting.

The plaintiff will be sending to me and the attorneys for the defendants by August 11th a list of the deficiencies in the management of the properties and the management reports which have been prepared by the managing agent. By August 15th, the attorneys for the plaintiffs will provide me with their comments to the deficiency report. I will be doing a tour of the properties on August 18th.

In addition, the parties will decide if they will agree to have Mr. Bosswick appointed as the independent accountant to do an accounting in the State court actions and whether to have me appointed as a referee in those actions.

Very truly yours,


Lawrence J. Lipson

2